## 60569. DICKEY v. THE STATE.

CARLEY, Judge.

Appellant plead guilty to theft by receiving stolen property and, on May 18, 1976, was sentenced to a ten-year term, two years to serve and eight years on probation. In January of 1980, a rule nisi was filed alleging that appellant had violated his probation in the following manner: "On 11/19/79 [he] committed the offense of Burglary." A hearing was held on January 30, 1980 and the trial court found appellant had violated his probation but decided not "to impose sentence now though. I'm going to wait a little while to do that." A dispositional hearing was then held on April 9, 1980, at which time the court ordered appellant's probation revoked "for a period of three (3) years, to be computed from April 9, 1980 . . ." Appellant appeals from the order revoking his probation.

1. Appellant enumerates error in the admission of the following testimony by one of the state's witnesses at the revocation hearing. "[Appellant] told me that . . . if I would help him to get out [of jail] he would replace everything that he took out of the [burgled] cabin even if he had . . . if he went to jail and was gone twenty years he would still replace everything that he took out of the cabin." Appellant urges that this testimony concerning his incriminating admission to the witness was not admissible under Code Ann. § 38-411 because it was not "made voluntarily," having been induced by and predicated upon the hope that the witness "would do everything in her power" to get the burglary warrant dropped.

The evidence indicates that appellant's "confession" occurred in the following context: Appellant contacted the witness, an acquaintance of his and also the victim of an unsolved burglary, and asked that she visit him in jail. The witness complied with appellant's request. During this visit, the witness' assistance in helping him "to get out" of jail was solicited initially by appellant in return for his promise to replace the items taken in the burglary of both her home

and the cabin, the burglary which was alleged to be the violation of his probation. Thus, under the evidence, appellant's incriminating statement was made as an inducement for the witness' assistance and it was not that assistance which was offered by the witness as an inducement for the appellant's "confession." "So far as the record goes this whole proposition originated in the [appellant's] own mind without being excited by anyone else . . . [T]he hope or fear contemplated by [Code Ann. § 38-411] must be induced by another. A hope or fear which originates in the mind of the person making the confession and which originates from seeds of his own planting would not exclude a confession. [Cit.]" *Foster v. State,* 72 Ga. App. 237, 239-240 (33 SE2d 598) (1945). We find no error in the admission of the witness' testimony. Compare *McKennon v. State,* 63 Ga. App. 466 (11 SE2d 416) (1940); *Allen v. State,* 85 Ga. App. 355 (69 SE2d 638) (1952).

2. Citing Code Ann. § 27-2530, appellant urges that it was error for the trial court to order the revocation "to be computed from April 9, 1980," the date the final order of revocation was entered. It appears that appellant had apparently spent time in jail awaiting the hearing on the revocation and awaiting final disposition after being found in violation of his probation. Appellant argues that under Code Ann. § 27-2530, he is entitled to full credit for those days in jail and that it was error to compute his probation revocation from the date of the final order and judgment.

Code Ann. § 27-2530 provides: "Each criminal defendant convicted of a crime in this State shall be given full credit for each day spent in confinement awaiting trial and for each day spent in confinement in connection with and resulting from an order entered in the criminal proceedings for which sentence was imposed, in any institution or facility for treatment or examination of a physical or mental disability; such credit or credits shall be applied towards the convicted defendant's sentence and shall also be considered by parole authorities in determining the eligibility for parole." "[T]he statute clearly contemplates allowing for credit only for time served during the course of the proceedings for which the sentence was received." *Tucker v. Stynchcombe,* 239 Ga. 356, 357 (236 SE2d 623) (1977). The only "sentence" appellant has received is the ten-year sentence originally imposed in 1976 providing for two years to serve and eight years on probation. Under Code Ann. § 27-2713 the only issue in appellant's probation revocation hearing was merely whether or not he was in violation of the conditions of that probated sentence and whether or not the probationary aspects of that sentence should be revoked, modified or continued. Since appellant was determined to be in violation of his probation, the effect of the action of the trial

judge in revoking probation for three years was, under Code Ann. § 27-2713 and the circumstances of this case, merely to order that a portion of appellant's originally imposed sentence be served in confinement. The probation revocation proceedings did not result in appellant receiving a three-year sentence. It merely resulted in a determination that the probationary aspects of his original sentence should be revoked for three years. The order of revocation was, therefore, not a "sentence" and any time appellant served in jail pending final disposition of the probation revocation proceedings was not served "during the course of the proceedings for which the sentence was received." In short, periods of incarceration pending final disposition of a probation revocation proceeding are not contemplated or covered by Code Ann. § 27-2530 and cannot be used as "credits" toward the period of incarceration which ultimately results from the trial court's determination that a violation has occurred and that the original sentence, or some part thereof, should be served in prison.

However, our holding does not leave probationers without protection. As we have held, a probationer imprisoned and awaiting final determination of whether he violated probation and what part of his original sentence should be executed is not serving that part of his sentence which is subsequently ordered executed when a violation is found. It follows, therefore, that during this period the probationer is continuing to serve the probated part of his sentence prior to final disposition of the revocation petition. Thus, such periods do not suspend the running of the *original* sentence received and the probationer is entitled to assert that those periods pending a determination of probation revocation are, in effect, served "under probation" and "shall be considered as time served and shall be deducted from and considered a part of the time he was originally sentenced to serve." Code Ann. § 27-2713. Since the trial court "cannot, under Code §§ 27-2713 and 27-2502, *increase* the sentence originally passed. [Cit.]" (*Turnipseed v. State,* 147 Ga. App. 735-736 (250 SE2d 186) (1978)), the period of time a probationer serves in jail prior to a final disposition of his revocation proceeding is credited as time served on the original sentence and thus limits the permissible parameters of the trial court's power to revoke. *Stephens v. State,* 245 Ga. 835 (268 SE2d 330) (1980). Since a trial court can, at most order "the execution of the sentence originally imposed" the probationer is entitled to assert that periods of imprisonment prior to a final disposition of his revocation petition must be counted toward that original sentence and the order of revocation cannot result in the execution of a longer sentence than was originally imposed. In the instant case appellant's original sentence of ten years was imposed in

1976. When his probation was revoked on April 9, 1980, there remained approximately six years on his original sentence. His probation was revoked for only three years and it is thus clear that by so ordering the trial court did not impose a greater "sentence" on appellant than was originally ordered. In this connection we note that in his order of revocation the trial judge specified that upon appellant's release from prison after serving the revoked sentence, he would be discharged "from the terms and conditions of probation set forth in the original sentence." Therefore, the order actually had the effect of *decreasing* the original sentence. Appellant therefore has not been denied the credit for the periods of incarceration prior to the final disposition of his probation violation proceedings to which he was entitled—on his original, but not his revoked, sentence.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 7, 1981 —

*G. F. Peterman III,* for appellant.
*W. Donald Thompson, District Attorney,* for appellee.