67558. WEAVER v. THE STATE.

BENHAM, Judge.
This appeal is from appellant's conviction of mutiny in a penal institution.

1. Prior to trial appellant submitted and argued a motion for change of venue. The motion was based on pre-trial publicity and on the fact that an investigation of the prison in which appellant was incarcerated was then in progress. Although defense counsel referred to newspaper articles and the investigation in his argument, no evidence was tendered in support of the motion. The trial judge reserved his ruling until after voir dire and then denied the motion. That denial is enumerated as error.

All the prospective jurors were questioned with regard to their ability to be impartial. Two who said they could not be impartial were excused. All the other prospective jurors were of the belief that they could be impartial and could decide the case solely on the basis of the evidence presented at trial. A full jury was impaneled before appellant had used all his peremptory strikes.

"[A] trial judge may order a change of venue where an impartial jury cannot be obtained. The test on appeal is whether the trial judge abused his discretion in denying the change of venue. [Cit.]" *Mooney v. State*, 243 Ga. 373, 386 (254 SE2d 337) (1979). "We find that the trial court did not abuse its discretion in denying the motion to change venue after voir dire, because [appellant] had made no showing that the jury selection process showed actual prejudice to a degree that rendered trial fundamentally unfair. [Cits.]" Id. p. 388.

2. Appellant's second enumeration of error concerns the denial of his motion to disqualify the district attorney and his office. In light of the fact that the motion was based totally on unsupported allegations which were denied by the district attorney, we see no abuse of discretion in the trial court's denial of the motion.

3. At trial, appellant moved for a continuance on the ground that defense counsel needed more time to prepare for voir dire and for the motion for change of venue. The denial of the motion is enumerated as error.

" 'There is no fixed rule as to the number of days that should, of right, be allowed counsel in a criminal case to prepare the case for trial, but the trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require. A statement by counsel for the defendant that he has not had sufficient time to investigate and prepare the defense is a mere conclusion. Questions of this nature must of necessity be entrusted to the discretion of the trial judge. [Cits.]' [Cit.] The record shows that counsel was appointed some [three weeks] prior to the trial. The case . . . was not intricate or complicated. We find no abuse of the trial court's discretion." *Hill v. State*, 161 Ga. App. 346 (1) (287 SE2d 779) (1982).

4. Appellant moved for a directed verdict of acquittal at the close of the state's evidence. His argument in appealing from the denial of

that motion is that the state failed to prove the requisite intent.

"A person in the lawful custody of any penal institution who assails, opposes, or resists an officer of the law or of such penal institution or a member of the guard with intent to cause serious bodily injury commits the offense of mutiny . . ." OCGA § 16-10-54. Appellant argues that there was no evidence that he had any intent to cause serious bodily injury.

"Sometimes the intention can be proved, sometimes it can only be inferred or presumed; and the general rule laid down by our Code is, that the intention will be manifested by the circumstances connected with the perpetration of the offense. [Cits.] . . . [T]he intent with which an act is done is peculiarly a question of fact for determination by the jury . . ." *Mallette v. State*, 119 Ga. App. 24, 27 (165 SE2d 870) (1969). The evidence in the present case showed that appellant refused to obey an order to go from one place to another and that when the guard who had given the order attempted to grasp appellant's arm, appellant struck him in the face with a fist. We are of the opinion that the evidence was sufficient for the jury to determine beyond a reasonable doubt that appellant acted with the intent to cause serious bodily injury to the guard he struck. It was, therefore, not error to deny appellant's motion for a directed verdict of acquittal.

5. During closing argument, the prosecuting attorney made reference to the difficulties attendant to employment in the prison in which appellant was confined. When defense counsel objected to the argument, the prosecuting attorney withdrew the argument and the trial court instructed the jury to disregard the line of argument. After the jury was charged, defense counsel sought a mistrial due to the state's "inflammatory argument." Under those circumstances, we find no abuse of discretion in denying appellant's motion for mistrial. *Adams v. State*, 242 Ga. 239 (2) (248 SE2d 638) (1978).

6. Appellant's final enumeration is directed at the trial court's refusal to grant a mistrial when it became apparent after the verdict was rendered that the alternate juror had remained with the jury during its deliberations. The record shows that the state procured from all the jurors affidavits in which they averred that their decisions were not influenced at all by the alternate juror's presence. That showing met the state's burden of showing harmlessness. *Johnson v. State*, 235 Ga. 486 (6) (220 SE2d 448) (1975). We find no error in the denial of the motion for mistrial.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 25, 1984.

*Jeffery L. Arnold*, for appellant.
*Dupont K. Cheney, District Attorney, Harrison W. Kohler, Assistant District Attorney*, for appellee.