72937. LUMMEN v. THE STATE.
(348 SE2d 584)

DEEN, Presiding Judge.

Mark Henry Lummen was convicted of aggravated assault, mutiny in a penal institution, and criminal attempt (escape). On appeal he contends that the trial court erred in denying his motion for a directed verdict on the aggravated assault charge because that offense merged as a matter of law with mutiny in a penal institution. *Held:*

The evidence showed that the victim, a jailer, was jumped from the rear by the defendant and his head was slammed into the bars of a jail cell. The defendant hit the jailer on the back of his head with his shoe and then pulled him down a couple of stairs with his hand. The jailer fell; his arm was broken; and Lummen took his keys. A trusty pulled Lummen off the jailer.

This case is controlled by *Green v. State*, 170 Ga. App. 594 (317 SE2d 609) (1984); and *Chitwood v. State*, 170 Ga. App. 599 (317 SE2d 589) (1984); wherein this court held that a charge of aggravated

assault on a peace officer merges into the mutiny conviction because the aggravated assault charge is established by proof of less than all the facts required to establish the commission of mutiny. Accordingly, it was error for the court below to fail to direct a verdict on the aggravated assault charge.

*Judgment affirmed in part and reversed in part. Benham and Beasley, JJ., concur. Beasley, J., also concurs specially.*

BEASLEY, Judge, concurring specially.

I concur because I must, considering *Green v. State*, 170 Ga. App. 594 (317 SE2d 609) (1984), a whole court case. Yet squeezing a greater crime into a lesser one is like trying to put a stepsister's foot into Cinderella's glass slipper; it does not fit.

The evidence clearly showed that defendant committed aggravated assault upon the officer, in that he assaulted him with his hands which, when used offensively against a person, are likely to and did result in serious bodily injury. OCGA § 16-5-21 (a) (2). The indictment did not charge the assault with the shoe, but only with "his hands and fists." Appellant makes much ado about the absence of evidence that he used his hands as fists, but that would not affect the conviction. *Boling v. State*, 244 Ga. 825, 826 (1) (262 SE2d 123) (1979) (conviction of voluntary manslaughter for death from asphyxia, where death was caused at least in part by choking; court speaks of use of "fists"); *Chafin v. State*, 154 Ga. App. 122, 123 (5) (267 SE2d 625) (1980) (hands and fists are not necessarily or per se deadly weapons but may be such depending on the circumstances including the extent of injuries); *Ellis v. State*, 137 Ga. App. 834, 836 (2) (224 SE2d 799) (1976) (hands and floor used; "whether the instrument used constitutes a deadly weapon is properly for the jury's determination.") See also *Arnett v. State*, 245 Ga. 470 (265 SE2d 771) (1980).

Taking the evidence most favorable to the verdict, as we must, it shows as follows. Defendant jumped on the officer from behind, jammed his head into the cell bars resulting in a laceration requiring 18 stitches, hit the officer in the back of the head with the officer's shoe which defendant had pulled off, chased the officer and pulled him down the stairs causing him to fall and break his wrist, and caused a sprained ankle and numerous bruises. Because of the manner and means of the use of his hands, the degree and nature of wounds inflicted, and the other circumstances, such conduct would constitute aggravated assault. See *Harper v. State*, 152 Ga. App. 689, 691 (2) (263 SE2d 547) (1979).

The fact that this was knowingly committed on a peace officer while engaged in his duties was also charged and proved and affects only the punishment prescribed for the crime of aggravated assault.

OCGA § 16-5-21 (c).

The fact that this aggravated assault occurred within a jail, by an inmate, did not make it any less an aggravated assault. It merely meant that these added factors of environment and assailant's status subjected the conduct also to prosecution under OCGA § 16-10-54, the offense of mutiny. Mutiny is a lesser offense because, as it relates to the personal attack aspect, which is the total focus of the crime of aggravated assault, it punishes an inmate who "assails, opposes, or resists . . . with intent to cause serious bodily injury." This can readily be seen to include acts falling far below "aggravated assault." For example, simple battery would do. *Weaver v. State*, 170 Ga. App. 731 (318 SE2d 196) (1984) (struck guard in the face with a fist). And the mere fact that mutiny requires the victim to be an officer or guard does not really add an element here, because the element is a necessary one in aggravated assault cases seeking to impose the higher penalty because the victim is an officer engaged in duty.

Thus I do not see that aggravated assault on an officer is subsumed as a matter of law in mutiny. Where the state charges and proves both, and the facts used to prove both are the same, then it would seem that the offense recognized by the legislature as the lesser would merge into the greater. Mutiny is the lesser both because it bears the lower penalty and because it requires proof only of "assail, oppose, or resist" rather than "assault with a deadly weapon or with an instrument which when used offensively is likely to or does result in serious bodily harm." The gist of the offense of aggravated assault on a peace officer is the severity of the assault; the gist of the offense of mutiny is an act of rebellion in a penal institution, and mere opposition or resistance with the requisite intent would be enough to constitute it.

Although I believe that the evidence at trial could support convictions both for mutiny and for aggravated assault in this case, the indictments force merger. The former charges that defendant did "assail, oppose and resist an officer . . . with the intent to cause serious bodily injury." The latter charges that defendant did "assault (a police officer) with his hands and fists, which were deadly weapons . . . and were instruments (etc.) . . . by striking and beating. . . ." As shown above, numerous acts were committed against the officer, apparently in an attempt to wrest the keys from him and escape from the jail.

The first act, refusing to return to his cell and instead jumping on the officer and jamming his head into the bars, contained all the elements of mutiny and constituted a completed criminal act right then.

The last act, pulling him down the stairs and breaking his wrist and otherwise injuring him in the inflicted fall, contained all the elements of aggravated assault and itself constituted a complete criminal

act. And this would not even embrace the independent act of hitting him on the head with a shoe. A case illustrating separate and distinct acts as separate offenses although part of one episode is *Taylor v. State*, 177 Ga. App. 624 (340 SE2d 263) (1986).

But since the charges in both indictments were comprehensive, and the evidence used to convict on one was used also to convict on the other, they merged as a matter of *fact*. See *Luke v. State*, 171 Ga. App. 201, 202 (2) (318 SE2d 833) (1984); *Young v. State*, 177 Ga. App. 756 (2) (341 SE2d 286) (1986). " '[I]f the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under [OCGA § 16-1-7 (a)].' " *Haynes v. State*, 249 Ga. 119, 120 (2) (288 SE2d 185) (1982). I would merge the lesser into the greater offense, but this position is foreclosed by *Green v. State*, supra. Although the basis for the merger there was also the duplicate use of *facts* for both charges, the court in that case viewed merger the other way around as being mandated.

DECIDED SEPTEMBER 3, 1986.

*William P. Slack*, for appellant.
*David L. Lomenick, Jr., District Attorney, James D. Franklin, Assistant District Attorney*, for appellee.