## 77094. NEWSOME v. THE STATE.
(375 SE2d 621)

BEASLEY, Judge.

Defendant appeals his conviction of two counts of child molestation, OCGA § 16-6-4 (a). He enumerates as error: 1) the trial court allowing, over objection, the alternate juror to retire with the jury and be present during deliberations; 2) the admission of defendant's statements to police in evidence against him when the statements were obtained in violation of OCGA § 24-3-50 and the Fifth and Fourteenth Amendments to the United States Constitution; 3) the court's ruling that OCGA § 17-7-210 did not apply to defendant's statements because they were non-custodial.

1. The trial court sent the alternate juror out with the rest of the jury and admonished him not to participate in the deliberations. Counsel for defendant objected to this procedure. After defendant's conviction and appeal, the State sought to supplement the record by introducing the affidavits of the jurors that they were not influenced in any way by the alternate juror's presence. After a hearing the trial court entered an order permitting the record to be supplemented by the affidavits.

OCGA § 15-12-171 provides in part: "Upon final submission of the case to the jury, the alternate jurors shall not retire with the jury of 12 for deliberation." *Johnson v. State,* 235 Ga. 486, 493 (6) (220 SE2d 448) (1975), held: "The alternate juror, when he entered the jury room at the time the jury began to deliberate, became, like any third party, a stranger to the jury. . . . Whenever such jury misconduct is shown, a presumption of injury to the defendant is raised, which the [S]tate must overcome by a showing of harmlessness."

The State carries its burden when it produces the affidavits of

the twelve members of the jury that their decision was not influenced at all by the alternate juror's presence. *Weaver v. State*, 170 Ga. App. 731, 733 (6) (318 SE2d 196) (1984). Ten of the jurors so stated in their affidavits. However, one juror merely stated that "I do not recall whether or not the alternate juror was present during jury deliberations." Another stated: "I don't think the alternate juror was present during jury deliberations." Neither juror could or did confirm that her decision was not affected by the alternate's presence. There was no post-verdict poll which might have resolved the factual question. Because the State has the burden, the failure to show unanimity as to lack of any influence was fatal. *Bullock v. State*, 150 Ga. App. 824, 825 (2) (258 SE2d 610) (1979). Compare *Johnson*, supra; *Weaver v. State*, supra. The sanctity of the jury process is too vital to permit departure from the prescribed mode except where the total absence of harm can be clearly demonstrated. A new trial must be granted on this ground.

2. An officer who interviewed the defendant made some extensive comments to him which defendant now contends amounted to the offer of "hope of benefit" as forbidden by OCGA § 24-3-50 and by the Fifth and Fourteenth Amendments to the United States Constitution. The officer explained that she made the statements to defendant, after reading him his rights (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)), in an effort to show what punishment might befall him under the Code, in order that he would understand the seriousness of the charges against him, and to demonstrate what would be the result if the two alleged victims' statements were provided to the district attorney without any contradiction.

"To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50. The "hope of benefit" contemplated by this section must be induced by another. *Dickey v. State*, 157 Ga. App. 13, 14 (1) (276 SE2d 75) (1981). A hope or fear which originates from the mind of the person confessing and which germinates "from seeds of his own planting would not exclude a confession." *Hall v. State*, 180 Ga. App. 366, 367 (1) (349 SE2d 255) (1986). A hope for lighter punishment is usually the hope of benefit to which the code refers. *Presnell v. State*, 241 Ga. 49, 55 (5) (243 SE2d 496) (1978) [reversed as to sentence only, *Presnell v. Georgia*, 439 U. S. 14 (99 SC 235, 58 LE2d 207) (1978)].

The language used by the officer was taped and we have reviewed it, insofar as it is in the record, in the context in which it was used. It did not constitute the hope of benefit within the contemplation of the Code. Defendant was advised of the charges and the possible consequences of conviction and was given the opportunity to tell his version of what actually happened. It more closely relates to offers of

help, *Cooper v. State*, 256 Ga. 234, 235 (2) (347 SE2d 553) (1986), and *Head v. State*, 180 Ga. App. 901 (1) (350 SE2d 854) (1986); a statement that it is always better to tell the truth, *Kettman v. State*, 257 Ga. 603, 607 (10) (362 SE2d 342) (1987), and *Caffo v. State*, 247 Ga. 751, 755 (3) (279 SE2d 678) (1981); a statement that cooperation would be noted, *Moore v. State*, 179 Ga. App. 488, 489 (2) (347 SE2d 318) (1986), *Rounds v. State*, 166 Ga. App. 212, 213 (2) (303 SE2d 543) (1983), and *Stephens v. State*, 164 Ga. App. 398, 399 (4) (297 SE2d 90) (1982); a promise to keep defendant out of a certain prison, *Patrick v. State*, 169 Ga. App. 302 (1) (312 SE2d 385) (1983).

"When a trial judge has made a determination as to the voluntariness of a confession after a suppression hearing, such determination must be accepted by the appellate courts unless his decision is clearly erroneous." *Gibbs v. State*, 235 Ga. 480, 483 (3) (220 SE2d 254) (1975). There was no violation of our statute and, because it is not less protective of individual rights than the Federal Constitution, no federal constitutional infirmity. *Young v. State*, 243 Ga. 546, 548 (3) (255 SE2d 20) (1979).

3. Because a new trial has been granted, the remaining enumeration of error will be an issue only if defendant objects to failure to obtain a copy of his statement prior to re-trial. Compare *Tanner v. State*, 160 Ga. App. 266, 268 (1) (287 SE2d 268) (1981). Thus, it need not be addressed. However, it is noted that only a custodial statement is required to be supplied pursuant to OCGA § 17-7-210, *Johnson v. State*, 177 Ga. App. 705 (340 SE2d 662) (1986), and an accused is not in custody when he is out on bond. *Martin v. State*, 179 Ga. App. 551, 553 (5) (347 SE2d 247) (1986).

*Judgment reversed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED OCTOBER 31, 1988 —
REHEARING DENIED NOVEMBER 18, 1988 — ▮▮▮▮▮▮

*Frank G. Smith, August F. Siemon III*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.