A89A1842. BRYANT v. THE STATE.
(389 SE2d 405)

SOGNIER, Judge.

James William Bryant appeals from a conviction for molestation of his two-year-old daughter.

1. Appellant first raises as error the trial court's admission into evidence of testimony concerning a similar act. James Bridgers, a close family friend who lived in appellant's household during the relevant time period, testified that approximately two years earlier appellant's stepdaughter, who was not yet old enough to walk, was found to have a red, sore throat, and that in a conversation with Bridgers appellant admitted putting his penis into the child's mouth. Appellant contends this testimony was too remote in time and circumstance to be relevant, and that its admission improperly placed his character into evidence and prejudiced the jury.

As a general rule, evidence of a defendant's commission of prior similar acts is not admissible. However, " '[t]here are exceptions to this rule, and these exceptions have been rather liberally extended in cases of sexual crimes.' [Cit.] 'Sexual offenses of the same nature and within a short span of time, especially where they show a proclivity for a particular type of abnormal sexual activity, form somewhat of an exception to the general rule that evidence of other criminal activity is irrelevant and prejudicial . . . . [Cit.]' [Cits.]" *Pickelseimer v. State,* 154 Ga. App. 223, 224 (2) (267 SE2d 845) (1980). In the case at bar, appellant's admission of a prior molestation two or three years earlier of another very young girl residing in his household was properly admitted to show bent of mind. *Childs v. State,* 177 Ga. App. 257, 258 (1) (339 SE2d 311) (1985).

2. Appellant also enumerates as error the trial court's admission of a statement he made to GBI agents, contending he made the statement in exchange for promise of a benefit. At the hearing held pursuant to *Jackson v. Denno,* 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), appellant testified that he admitted molesting his daughter and signed a statement to that effect only because the investigating agents told him that if he confessed "I would receive psychiatric eval-

uation and that I would not go to jail, and I would receive my daughter back by the end of the week." Both agents denied making any promises to appellant, and Agent Harvey specifically recalled that in response to appellant's query whether if he admitted the crime he could "get it over with and . . . get his little girl back," Harvey advised appellant that "if he admit[ted] that he molested his daughter, that he wouldn't see his daughter because he'd be going to jail."

While OCGA § 24-3-50 prohibits the introduction of a statement induced "by the slightest hope of benefit," the hope contemplated must be induced by another. *Hall v. State*, 180 Ga. App. 366, 367 (1) (349 SE2d 255) (1986). " 'A hope or fear which originates in the mind of the person making the confession and which originates from seeds of his own planting would not exclude a confession.' [Cit.]" Id. Here, the GBI agents denied having made the promise claimed by appellant. The trial court's findings regarding factual determinations and credibility when considering the admissibility of a confession will be upheld on appeal unless clearly erroneous. *Snipes v. State*, 188 Ga. App. 366, 368 (373 SE2d 48) (1988). The trial court being authorized to accept the agents' word over appellant's, *Hall*, supra at 367 (1), we find no error in the admission of the statement.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED DECEMBER 5, 1989.

*Robert P. Westin*, for appellant.
*Joseph H. Briley, District Attorney*, for appellee.