## A90A1539. RAMOS v. THE STATE.
(400 SE2d 353)

SOGNIER, Judge.

Maurice Ramos appeals from his conviction for theft by taking.

Construed to support the verdict, the evidence adduced at trial showed that on the evening of October 17, 1989, Raymond Civitts, the Director of Security at the Ramada Inn in Clarke County, was patrolling the parking lot of the inn in the regular course of his duties. He noticed appellant, a cook, open the kitchen door and look around briefly. Several minutes later, Civitts observed appellant carry a large black plastic bag from the kitchen to the dumpster in the parking lot, place the bag behind the dumpster, and reenter the inn, where he made a telephone call from a pay phone. Civitts' suspicions were aroused because he knew that emptying the trash was not one of the duties of a cook pursuant to standard Ramada Inn procedures. Upon investigating, Civitts discovered the bag contained frozen meat, val-

ued at $350, which had been taken from the restaurant's food lockers. Civitts consulted with his superiors, telephoned the police, and apprehended appellant.

Officer David Leedahl of the Athens Police Department, who responded to the call, testified that when Civitts brought appellant out to the parking lot and indicated he would press charges against him, Leedahl handcuffed appellant and placed him in the back of his patrol car for transport to the jail. Leedahl did not interrogate appellant (with the exception of asking for his name and address), but while in the patrol car, appellant volunteered that "they could take it out of his paycheck" and that he would pay for the items in the bag.

1. Appellant contends the trial court erred by admitting appellant's inculpatory statement made in the patrol car, because he was in custody when the statement was made, and the facts surrounding the statement show that it was made with the hope of benefit. See OCGA § 24-3-50. We find no merit in this contention. Although appellant argues that he made the statement in hopes that charges would not be pressed, " '[t]he hope or fear contemplated by (OCGA § 24-3-50) must be induced by another. A hope or fear which originates in the mind of the person making the confession and which originates from seeds of his own planting would not exclude a confession.' [Cit.]" *Hall v. State*, 180 Ga. App. 366, 367 (1) (349 SE2d 255) (1986). See also *Dickey v. State*, 157 Ga. App. 13-14 (1) (276 SE2d 75) (1981). Leedahl testified that no promises or threats were made, and there is no evidence in the record suggesting otherwise. Accordingly, the statement was properly admitted. See id.

2. Appellant also contends the trial court erred by denying or curtailing appellant's right to cross-examine Leedahl in the presence of the jury concerning the events surrounding the statement. We do not agree. Appellant sought to cross-examine Leedahl regarding whether he had advised appellant of his *Miranda* rights (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)) before the statement was made. The State objected to such cross-examination on relevancy grounds, and the trial court properly sustained the objection. Not only had this matter been ruled on earlier during the *Jackson-Denno* hearing (*Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964)), which had been held to determine the voluntariness of the statement, but the necessity of administering *Miranda* warnings exists only when the individual is *interrogated* while in custody. *Cash v. State*, 224 Ga. 798, 799 (1) (164 SE2d 558) (1968); *Perkins v. State*, 151 Ga. App. 199, 204-205 (4) (259 SE2d 193) (1979), overruled on other grounds *Chance v. State*, 154 Ga. App. 543, 544 (2) (268 SE2d 737) (1980). Since it is uncontroverted that although appellant was in custody, Leedahl did not interrogate appellant, *Miranda* warnings were not necessary, and the question of whether they

had been given was irrelevant to the issues in the case. No right exists to inquire into irrelevant matters, *Deyton v. State*, 182 Ga. App. 73, 74 (3) (354 SE2d 625) (1987), and consequently the trial court did not err by curtailing appellant's cross-examination on this matter.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 28, 1990 —
REHEARING DENIED DECEMBER 11, 1990 — 

*Megan C. De Vorsey*, for appellant.
*Ken Stula, Solicitor*, for appellee.