A93A0358. OWENS v. THE STATE.
(433 SE2d 382)

ANDREWS, Judge.

Owens, charged with murder, was convicted of voluntary manslaughter and possession of a firearm during the commission of a crime.

He appeals, contending that the admission of both an oral and written statement made by him was improper.

Viewed in favor of the verdict, the evidence showed that Owens and the victim, Mapp, were acquainted. Owens had been advised by neighbors that Mapp had been seen leaving Owens' home shortly after it had been broken into.

On Sunday morning, September 19, 1991, Owens confronted Mapp in a neighborhood park and demanded the return of his belongings.

Another resident was walking his dogs in the park and observed the discussion between Mapp and Owens. According to this witness, Owens appeared to be in control of the situation and had his hand on Mapp's shoulder. The witness observed Owens strike Mapp in the face with his hand. As the witness proceeded through the park with his dogs, he saw Owens, still holding on to Mapp's shoulder, walking backward. Then he heard a gunshot. The witness left the park and the police were summoned. The witness and a second resident returned to the park and observed that Mapp appeared to be dead. The police searched the area and found a casing from a .380 handgun. Mapp had sustained a through and through bullet wound to the chest.

The following morning, Owens called the police station and spoke with Detective Champion and indicated he wanted to turn himself in. Approximately 45 minutes later, Owens arrived at the police station. He handed Detective Champion a .380 handgun and a bullet clip. At that time he made an oral statement in which he stated that he had shot Mapp in self-defense because Mapp was assaulting him with a knife.

Detective Champion testified that she orally advised Owens of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Detective Champion then summoned Detective Daniels, to whom the case had been assigned. Detective Daniels arrived approximately 30 minutes later and read a written *Miranda* form to Owens. Owens also read to himself the contents of that form and signed it. Thereafter, a written statement was taken from Owens. It

was typed by a secretary and signed by a witness.

Both enumerations deal with the statements and will be considered together. Initially, Owens contends that he was not properly given his rights. After the hearing conducted by the court pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), conducted outside of the jury's presence, the court determined that both the oral and written statements were voluntarily made after valid waiver of Owens' rights under *Miranda*. Owens testified at that hearing. He equivocally stated that Detective Champion did not advise him orally of his rights but later stated that he did not remember whether she had done so.

"A trial court's findings as to factual determinations and credibility relating to the admission of in-custody statements will be upheld on appeal unless clearly erroneous. [Cit.]" *Stephens v. State*, 170 Ga. App. 342, 343 (1) (317 SE2d 627) (1984).

Additionally, Owens contends that his statement was inadmissible as violative of OCGA § 24-3-50. That section provides that a confession must be made voluntarily "without being induced by another by the slightest hope of benefit or remotest fear of injury." The claimed hope of benefit, according to Owens, was Detective Champion's statement to him when he called on the telephone that she would help him get back with his family. The detective denied making any such statement. The court concluded that the statement was made without hope of benefit or fear of harm. Further, Owens contended that he saw Detective Champion as a "mother figure," and that adversely influenced his decision to make the statement. With regard to this latter contention, " '[a] hope or fear which originates in the mind of the person making the confession and which originates from seeds of his own planting would not exclude a confession.' [Cit.]" *Hall v. State*, 180 Ga. App. 366, 367 (1) (349 SE2d 255) (1986). *Ramos v. State*, 198 Ga. App. 65, 66 (1) (400 SE2d 353) (1990). Likewise, there was no error in the court's determination that both the written and oral statement were voluntarily made. *Caffo v. State*, 247 Ga. 751, 756 (3) (279 SE2d 678) (1981).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 28, 1993.

*Dorothy Williams*, for appellant.

*J. Tom Morgan*, District Attorney, Gregory A. Adams, Barbara B. Conroy, Assistant District Attorneys, for appellee.