## A98A0061. EASTERWOOD v. THE STATE.
### (500 SE2d 413)

ANDREWS, Chief Judge.

Kenneth Easterwood appeals from the judgment entered after a jury found him guilty of being an habitual violator and driving with a revoked license. Easterwood argues on appeal that the trial court erred in admitting into evidence a statement Easterwood made to police after he was taken into custody and before he was given a *Miranda* warning. For the reasons which follow, we affirm.

This case arose when two Floyd County police officers, after receiving a message asking them to be on the look-out for a bronze Ford Mustang, noticed a bronze Mustang going in the opposite direction with defendant Easterwood driving. The officers turned around to overtake and stop the car, but they lost sight of it for a short period of time. Both officers testified that when they saw the Mustang again, it was parked behind a building and the driver of the car, Easterwood, was sliding across to the passenger's seat and the passenger was walking behind the car and getting in on the driver's side.

One of the officers went up to the car and asked Easterwood, who was then sitting on the passenger's side, for his driver's license. Easterwood said he was not driving and did not have a driver's license. The officer then had Easterwood get out of the car and sit in the back seat of the patrol car. The officer went back and talked to the man sitting in the driver's seat, who told him that Easterwood had been driving and it was Easterwood's idea to change places.

After running a search, the officer discovered that Easterwood had been driving with a suspended or revoked license and was also an habitual violator. The officer informed Easterwood that his friend said Easterwood was the one driving the car and therefore he was· going to charge him with driving with a suspended or revoked license and with being an habitual violator. The officer testified that Easterwood did not respond immediately after being informed of the charges; but, about a minute later, admitted he had been driving, saying he did not want to get his friend into trouble.

The court held a *Jackson-Denno* hearing and both parties agreed that at the time Easterwood made the statement, he was in custody and had not received a *Miranda* warning. After hearing the officer's testimony, the court determined that the officer was not interrogating Easterwood but merely informing him as to the charges against him and why the charges were being made. The fact that Easterwood began to feel guilty and chose to confess after being informed of the charges and their basis, did not alter the situation.

Accordingly, the court allowed the officer to testify that Easterwood admitted he was driving the car. This appeal followed.

"[T]he necessity of administering *Miranda* warnings exists only

when the individual is *interrogated* while in custody." *Ramos v. State,* 198 Ga. App. 65, 66 (400 SE2d 353) (1990). "*Miranda* warnings are not a prerequisite to the admission of evidence concerning voluntary statements not made in response to any form of custodial questioning or interrogation. The term interrogation under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. The latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police. This focus reflects the fact that the *Miranda* safeguards were designed to vest a suspect in custody with an added measure of protection against coercive police practices, without regard to objective proof of the underlying intent of the police. A practice that the police should know is reasonably likely to evoke an incriminating response from a suspect thus amounts to interrogation. But, since the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response." (Citations and punctuation omitted.) *Syfrett v. State,* 210 Ga. App. 185, 186 (435 SE2d 470) (1993). Whether, under the circumstances, the officer knew or should have known that his comments were likely to elicit an incriminating response is a question of fact for the trial court. Id. at 186-187; *Turner v. State,* 199 Ga. App. 836, 838 (406 SE2d 512) (1991).

Here, the trial court found that the officer was "merely stating the grounds for the arrest." Accordingly, it does not appear from the evidence that the officer knew or should have known that his statement to Easterwood was reasonably likely to elicit an incriminating response and we cannot say that, under these circumstances, the trial court abused its discretion in finding that no interrogation had occurred. *Thomas v. State,* 226 Ga. App. 441, 443-444 (487 SE2d 75) (1997); *Rush v. State,* 188 Ga. App. 520, 521 (373 SE2d 377) (1988).

In any event, this enumeration fails because Easterwood is unable to show any harm arising from the officer's statement. The officer who was driving the patrol car said he saw Easterwood driving when the car passed him and both officers testified that they saw Easterwood change places with the passenger in his car. Therefore, there was overwhelming evidence that Easterwood was driving the car. Accordingly, the admission of the statement, if error, was harmless beyond a reasonable doubt. See *Harrington v. California,* 395 U. S. 250, 254 (89 SC 1726, 23 LE2d 284) (1969); *Johnson v. State,* 204 Ga. App. 246, 248 (419 SE2d 107) (1992).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED APRIL 13, 1998.

*John F. McClellan, Jr.*, for appellant.
*Tambra P. Colston, District Attorney, Bryant G. Speed II, Assistant District Attorney*, for appellee.