A09A1752. THE STATE v. KLEPPER.

(688 SE2d 673)

PHIPPS, Judge.

Matthew Klepper was indicted for armed robbery, among other offenses. He moved to suppress a custodial statement. Finding that the statement was involuntary because it had been induced by hope of benefit in the form of a lesser punishment, the trial court granted Klepper's motion to suppress. The state appeals, and finding no error, we affirm.

> When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[1]

Where the case involves a mixed question of fact and law, the appellate court accepts the trial court's findings on disputed facts and witness credibility unless clearly erroneous, but independently applies the legal principles to the facts.[2]

So construed, the evidence presented at the hearing on the motion to suppress showed that Klepper was suspected of committing an armed robbery in a store parking lot on April 23, 2006. Shortly thereafter, a law enforcement officer, Jennifer Bennett, stopped Klepper's vehicle and detained Klepper. The investigating officer, Russell Orrick, arrived at the scene of the stop with the robbery victim, who identified Klepper as the perpetrator. Orrick

---

[1] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994) (citations, punctuation and emphasis omitted); see *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

[2] *Thrasher v. State*, 292 Ga. App. 566, 569 (1) (666 SE2d 28) (2008).

recognized Klepper as someone he had known in college. While at the scene, Orrick had a conversation with Klepper that was "personal in nature," during which Orrick raised the issue of whether Klepper's acts constituted theft by taking rather than armed robbery. Subsequently, Klepper rode to the jail with Bennett. The two held a recorded conversation. In this conversation, Bennett stated that Orrick probably would charge Klepper with armed robbery, and Klepper responded that Orrick had told him "it was theft by taking."

At the jail, Klepper provided the following handwritten statement to Orrick:

> I, Matthew Klepper, did not rob anybody w[ith] a gun. I did put my fist in a ball under my shirt and said give me your money to a[n] innocent civilian leaving the [store] parking lot. In no way, shape, and or form would I ever ever posses[s] a gun. This is not an armed robbery, this is theft by taking, in which ... both are bad. Yes, I did commit a theft by taking crime.

On a second, unsigned page, Klepper wrote and then struck through the following: "Please help as much as [you] can."

For an incriminating statement to be admissible, "it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury."[3] The state bears the burden of demonstrating the voluntariness of a statement by a preponderance of the evidence,[4] and the trial court must consider the totality of the circumstances in determining whether the state met this burden.[5]

Here, the trial court determined that the state had not shown by a preponderance of the evidence that Klepper's statement was made voluntarily, citing evidence that Klepper made the statement after having been offered a hope of benefit. A promise that a defendant will not face a certain charge creates an impermissible hope of benefit that renders an incriminating statement inadmissible.[6] Although Orrick denied making a promise to Klepper, the evidence, viewed most favorably to support the trial court's findings and judgment, showed that Orrick told Klepper his action constituted theft by taking rather than armed robbery, inducing Klepper to make

---

[3] OCGA § 24-3-50.
[4] *State v. Ray*, 272 Ga. 450 (2) (531 SE2d 705) (2000).
[5] *Gober v. State*, 264 Ga. 226, 228 (2) (b) (443 SE2d 616) (1994).
[6] *Foster v. State*, 283 Ga. 484, 488 (2) (660 SE2d 521) (2008).

the custodial statement.[7]

We find no merit in the state's contention that this evidence showed only a hope of benefit that originated in Klepper's own mind.[8] Unlike in those cases cited by the state for this proposition,[9] Orrick admitted that he initiated the conversation with Klepper about the lesser offense. We likewise find no merit in the state's argument that the trial court's finding that Klepper was offered a hope of benefit was mere speculation. Rather, the totality of the circumstances — Klepper's statement to Bennett that Orrick had told him that "it was theft by taking," Orrick's admission that the lesser charge was discussed, and the specific language in Klepper's written statement expressly admitting to the lesser offense — supported the trial court's factual finding.[10] The court did not err in granting the motion to suppress.[11]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 18, 2009.

*Paul L. Howard, Jr., District Attorney, John O. Williams, Assistant District Attorney*, for appellant.
*Charlton & Glover, Martin G. Charlton*, for appellee.

---

[7] See *State v. Ritter*, 268 Ga. 108, 110-111 (1) (485 SE2d 492) (1997) (upholding suppression of inculpatory statement where evidence supported conclusion that defendant was induced to make statement under belief that he was incriminating himself only in regard to a lesser charge).

[8] See, e.g., *Williams v. State*, 250 Ga. 553, 559 (1) (300 SE2d 301) (1983) (statement resulting from hope or fear that is product of defendant's own mind, rather than result of inducement by another, is admissible).

[9] See *Ramos v. State*, 198 Ga. App. 65, 66 (1) (400 SE2d 353) (1990) (finding inculpatory statement was admissible, where evidence showed that defendant made statement spontaneously in hopes of receiving a benefit and not in response to any promises made to defendant); *Hall v. State*, 180 Ga. App. 366, 367 (1) (349 SE2d 255) (1986) (statement was admissible where the record contained no evidence that another person induced the fear that defendant claimed prompted the statement, the officer denied making a promise to defendant, and the alleged promise – that defendant would receive counseling – was not for a benefit that would render the statement inadmissible); *Dickey v. State*, 157 Ga. App. 13-14 (1) (276 SE2d 75) (1981) (defendant's statement was not made based upon a hope of benefit induced by another when he made the statement to a witness to convince the witness to assist him in his defense).

[10] See *Ray*, supra; *Ritter*, supra.

[11] See *Ray*, supra; *Ritter*, supra.