A11A1101. NOWELL v. THE STATE.
(717 SE2d 730)

ANDREWS, Judge.

Derrick Donta Nowell appeals after a jury found him guilty of possession of cocaine with intent to distribute. Nowell contends that the statements he made to officers after his arrest were not voluntary because they were induced by a hope of benefit. Nowell also argues that the trial court erred in denying his motion in limine to redact from his statement references to previous drug transactions.

After reviewing the record, we conclude there was no error and affirm.

Nowell was arrested during a Georgia Bureau of Investigation drug task force project involving undercover drug sales. After Nowell's arrest for selling cocaine, he was taken to a local processing center where he was initially interviewed by a GBI agent and an Athens-Clarke County police detective. Nowell was read his *Miranda* rights and signed the waiver of rights form.

Nowell was then asked, "having all those [*Miranda* rights] in mind[,] are you willing to talk to us?" Nowell answered, "Um hum, if you all are willing to work with me!" The officer responded, "We're willing to talk, we're not gonna make you any promises. Let's be clear on that, we can't promise anything. But, we're certainly willing to talk with you." The officers later encouraged Nowell to "man up . . . own up to it if that's what happened." Nowell again asked officers to "help [him] out" and an officer again said, "I can't make you any promises . . . but it would certainly go a long way for you to help us out."

At a later point in the interview, a third GBI agent entered the room, and one of the officers told Nowell, "[y]ou wanted some help, this is who is gonna help you." The agent questioned Nowell about his source for the drugs, stating "[a]ll I can do is tell the District Attorney anything you do to help us bring him in."

Nowell then gave various incriminating statements involving himself, the source, and his previous transactions with the source. The agent promised Nowell that he would talk to the District Attorney about Nowell's help with the investigation.

1. Nowell argues that the trial court erred in not excluding the statements made during this custodial interrogation because they were not voluntary. He contends the statements were made with the hope of benefit.

The standard for determining the admissibility of confessions is the preponderance of evidence. To determine whether the State has proven that a confession was made voluntarily, the trial court must consider the totality of the circumstances. Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. *Turner v. State*, 287 Ga. 793, 794 (700 SE2d 386) (2010).

"To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50. However, "[w]hile OCGA § 24-3-50 prohibits the introduction of a statement induced 'by the slightest hope of benefit,' the hope contemplated must be induced by another." *Bryant v. State*, 193 Ga. App. 840, 841 (389 SE2d 405) (1989). "A hope or fear which originates in the mind

of the person making the confession and which originates from seeds of his own planting would not exclude a confession." (Citation and punctuation omitted.) Id.

Here, upon beginning the interview, Nowell immediately told officers he was willing to work with them if they were willing to work with him. Officers responded by stating they had no authority to make promises but would listen. Later, an agent promised that he would talk to the District Attorney about the help Nowell provided. In each instance, Nowell asked for officers to work with him, and each time officers informed Nowell they did not have the power to make any promises regarding Nowell's potential sentence.

> We have construed the "slightest hope of benefit" as meaning the hope of a lighter sentence. Merely telling a defendant that his or her cooperation will be made known to the prosecution does not constitute the "hope of benefit" sufficient to render a statement inadmissible under OCGA § 24-3-50.

(Citation and punctuation omitted.) *Leigh v. State*, 223 Ga. App. 726, 727 (478 SE2d 905) (1996).

Likewise, the officers' statements that Nowell should "man up" and "own up" to the charges and that his assistance would go a long way in helping him out also do not constitute promises of a lighter sentence. See *Caldwell v. State*, 249 Ga. App. 885, 888 (549 SE2d 449) (2001) (officer's statement that defendant could "still help [him]self . . . by telling [officers] the truth" did not amount to a promise that defendant would be given a lighter sentence if he told the truth) (punctuation omitted). See also *Samuels v. State*, 288 Ga. 48, 50 (701 SE2d 172) (2010) ("Nor does it render a statement involuntary for the police to tell a suspect that the trial judge may consider her truthful cooperation with the police") (citation and punctuation omitted); *Lee v. State*, 270 Ga. 798, 800 (514 SE2d 1) (1999) (telling a suspect that if he "talks" he will be "help[ing him]self out" is not a "hope of benefit" so as to render the statement involuntary); *Gilliam v. State*, 268 Ga. 690, 692 (492 SE2d 185) (1997) (encouraging a suspect to tell the truth is not a hope of benefit).

2. Nowell also argues that the trial court erred in not granting his motion in limine seeking to redact references in his statement to previous drug transactions. Nowell claims that this impermissibly put his character in issue.

The record shows that Nowell moved to redact from his statement a colloquy concerning Nowell's ability to set up a drug buy from a certain drug dealer. The officers told Nowell that they wanted to

know who was supplying him with the drugs. Nowell told investigators "I guarantee I can get you Nick." Investigators then asked, "What's the most you have ever ordered up from Nick?" Nowell replied, "About two ounces." Nowell argued that the foregoing should have been redacted from his statement because it put his character in issue.

It is the general rule that relevant and material evidence is not inadmissible because it incidentally puts the defendant's character in issue. *Robinson v. State*, 192 Ga. App. 32, 33 (383 SE2d 593) (1989). "What is forbidden is the introduction by the state in the first instance of evidence whose *sole* relevance to the crime charged is that it tends to show that the defendant has bad character." (Emphasis supplied.) *Frazier v. State*, 257 Ga. 690, 698 (362 SE2d 351) (1987). "[S]tatements complained of were an integral part of a criminal confession, and such statements are not rendered inadmissible because the language used therein indicates that the accused had committed another and separate offense." *Dampier v. State*, 245 Ga. 427, 434 (265 SE2d 565) (1980).

In *Jinks v. State*, 229 Ga. App. 18 (493 SE2d 214) (1997), relied on by Nowell, this Court reversed a conviction because the State was allowed to present evidence of a fingerprint card with the previous charge written on the card. Id. at 19. The court in *Jinks* lists several instances where the defendant's character was impugned by references to previous crimes, all of which were unrelated to the crime charged. See id. at 20.

Similar to this case is *Hill v. State*, 176 Ga. App. 509 (336 SE2d 276) (1985), in which this Court held that the trial court did not err in allowing the witness to testify that he had previously sold marijuana for the defendant at some earlier time, holding that this testimony was "relevant to the issue of the defendant's intention to distribute the marijuana which was the subject of the indictment for which he was on trial." Id. at 510.

Further, any potential error caused by the inclusion of Nowell's references to previous drug transactions amounts to harmless error in light of the overwhelming evidence against him, including his own statement admitting to drug dealing. See *Lee v. State*, 308 Ga. App. 711, 715 (708 SE2d 633) (2011) (erroneous admission of bad character evidence did not amount to harmful error in light of the overwhelming evidence against defendant).

*Judgment affirmed. McFadden, J., concurs. Phipps, P. J., concurs in the judgment only.*

DECIDED OCTOBER 19, 2011.

*Thomas J. Killeen*, for appellant.

*Kenneth W. Mauldin, District Attorney, David T. Lock, Assistant District Attorney*, for appellee.