A97A2225. RINKER v. THE STATE.
(492 SE2d 746)

JOHNSON, Judge.

Gary Rinker appeals from his conviction of simple battery.

1. Rinker contends the trial court erred in denying his request to poll the jury. We agree.

"The right to a poll of the jury is a material right derived from the common law. . . . In criminal cases the right to poll the jury is not discretionary, and [the] denial of that right when timely requested is reversible error. . . . A request for poll is timely when made after the verdict is read. It is not timely made after the jury disperses or after sentence is passed." (Citations and punctuation omitted.) *Favors v. State*, 234 Ga. 80, 88 (6) (214 SE2d 645) (1975).

After the verdict was read and accepted, without objection, as to form, the trial judge did not excuse the jury. Instead, the jury remained in the jury box as the trial judge began the sentencing phase, hearing evidence regarding medical expenses incurred by the victim. One of the jurors interjected that she would like to ask a question. For whatever reason, the court allowed the juror to speak, and the juror asked if the documents being discussed were medical

records and whether they had been part of the evidence at trial. After being told they had not, the juror requested that the jurors be allowed to see the documents, and the trial court apparently allowed the jurors to see the exhibits being discussed. Shortly thereafter, a different juror informed the court that the jurors had something they wanted the judge to see. The judge then accepted and read a note from the jury, and called Rinker, who represented himself at trial, and the prosecutor to the bench, observing that he had a comment written by the jury regarding the verdict. Having read the note, Rinker immediately requested that the jury be polled. After initially opining that he did not think Rinker was entitled to poll the jury because the offense was a misdemeanor, the judge ultimately denied the request as untimely. The jury had not yet been discharged and sentence had not been passed, so Rinker's request was not untimely, and he should have been allowed to poll the jury. Because Rinker was thus denied a material right, his conviction must be reversed.

2. Rinker also complains that the prosecutor interjected his own testimony at trial when cross-examining witnesses. We have reviewed those portions of the transcript about which Rinker complains. Even acknowledging the breadth of the scope of permissible cross-examination, the prosecutor's comments, poorly camouflaged as introductions to questions, certainly appear to this Court to approach testimony. Nonetheless, Rinker did not object at trial. "Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived." (Citation and punctuation omitted.) *Clark v. State*, 206 Ga. App. 10, 12 (2) (424 SE2d 310) (1992).

*Judgment reversed. Pope, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 9, 1997.

*James E. Millsaps*, for appellant.
*Fredric D. Bright, District Attorney, R. Michael Gailey, Jr., Assistant District Attorney*, for appellee.