A00A1742. DAVIS v. THE STATE.
(538 SE2d 159)

ELDRIDGE, Judge.

A Ware County jury convicted Tyrone Davis of three times selling cocaine in violation of the Georgia Controlled Substances Act and on a fourth occasion of trafficking in cocaine. The superior court sentenced the defendant concurrently to 30 years to serve consecutive to the sentence he was then serving upon revocation of parole. Defendant appeals from the superior court's order denying his motion for new trial, arguing that the superior court erred in admitting his confession as made upon hope of benefit or fear of injury and in violation of his right against self-incrimination and right to counsel under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

The record reflects that the superior court conducted a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), to determine if defendant's confession had been voluntarily given. The interrogating officer testified that he interviewed the defendant after his arrest; that he did so first by reading the defendant his *Miranda* rights as set out on the standard waiver of counsel form followed by having the defendant read them himself; that defendant thereafter indicated he understood his rights and signed the waiver of counsel form; that defendant did not appear to be under the influence of alcohol or drugs upon being interviewed; and that he did not threaten, promise, or deprive defendant of food, water, sleep,

---

or other necessity in getting his statement.

On appeal, as he did at trial through counsel, defendant claims he invoked the *Miranda* right to remain silent and right to counsel by telling the interrogating officer, "I don't want to talk to you anymore[,]" and by using the word "lawyer" during the interview. There is only evidence to the contrary in the record. Pertinently, defendant's interrogating officer testified that rather than expressing a desire not to talk to him, defendant stated that "I don't want to talk to you in front of the [undercover agent]." In a like manner, the videotape[1] made of defendant's confession showed that instead of asking for a lawyer, defendant said only, "If I get a lawyer and fight this thing" or words to that effect.

Neither did defendant make the statement of which he complains involuntarily upon a hope of benefit or fear of injury in violation of OCGA § 24-3-50.[2] The transcript of defendant's suppression hearing reveals that the interrogating officer told him he was in big trouble; that the offense of trafficking was punishable by 20 years confinement; and, in effect, that he could help the defendant if he cooperated. However, that the interrogating officer told the defendant he was in trouble is in the nature of a mere truism, rather than an offer of hope of benefit or threat of injury. See *Sampson v. State*, 165 Ga. App. 833, 835 (9) (303 SE2d 77) (1983); *Copeland v. State*, 162 Ga. App. 398, 400 (3) (291 SE2d 560) (1982). The interrogating officer did not threaten defendant with harm in advising him that trafficking in cocaine involved the possibility of a significant sentence to confinement. Rather, this simply made the defendant aware of potential legal consequences associated therewith. *Carswell v. State*, 268 Ga. 531, 532-533 (2) (491 SE2d 343) (1997). Finally, an investigator does not make an offer of hope of benefit upon telling a defendant that his or her cooperation will be made known to the prosecution, *Leigh v. State*, 223 Ga. App. 726, 727 (1) (478 SE2d 905) (1996); *Lawrence v. State*, 227 Ga. App. 70, 72-73 (5) (487 SE2d 608) (1997), or by offering help to the defendant. *Cooper v. State*, 256 Ga. 234, 235 (2) (347 SE2d 553) (1986) (The "slightest hope of benefit" means the hope of a lighter sentence.). "Once *Miranda* warnings are given and a person in custody gives a statement to police without invoking his right to remain silent and without requesting an attorney, he has in effect waived his rights." *Aldridge v. State*, 258 Ga. 75, 76 (3) (365

---

[1] Instead of offering defendant's videotaped confession in evidence at trial, trial counsel chose only to watch it as the State's attorney played the tape to the jury for purposes of impeachment.

[2] "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50.

SE2d 111) (1988). No evidence of record shows that the defendant's confession was taken in violation of his *Miranda* rights or that it was taken in violation of OCGA § 24-3-50. Determinations of fact and credibility made by a trial judge after a suppression hearing are accepted by appellate courts unless clearly erroneous. *Cox v. State*, 248 Ga. 713 (1) (285 SE2d 687) (1982). Here we are unable to say that the superior court clearly erred in admitting defendant's confession as involuntarily taken. *Murphy v. State*, 267 Ga. 100, 102 (7) (475 SE2d 590) (1996). Consequently, we will not disturb its admission in evidence on appeal.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 9, 2000.

*Edward F. Smith,* for appellant.

*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney*, for appellee.