### A10A0024. LAING v. THE STATE.
(695 SE2d 363)

DOYLE, Judge.

Following a jury trial, Jordan Laing was convicted of armed robbery.[1] He appeals, arguing that the trial court erred by refusing his request to poll the jury and by failing to give a particular jury instruction. Laing also alleges that he received ineffective assistance of counsel. We affirm, for reasons that follow.

Construed in favor of the verdict,[2] the evidence shows that on February 17, 2007, Laing picked up Michael Gilbert and Major Chapman in Laing's mother's minivan and drove to a Publix shopping center. In the parking lot, the three men discussed robbing a customer at the automated teller machine ("ATM"). Laing then drove the minivan to an apartment complex immediately behind the shopping center because "he did not want his mom's car to be seen." The three men walked through a wooded path between the complex

---

[1] OCGA § 16-8-41 (a).
[2] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

and Publix and then waited near the ATM for approximately ten minutes before Michael Dorsey and Bernard Horton arrived in a car. Dorsey, the passenger, exited the vehicle, and approached the ATM. Gilbert, whose face was partially covered by a black bandana, ran up to Dorsey with a gun in his hand and forced him to retrieve money from the ATM. Laing and Chapman watched from a distance and then ran, along with Gilbert, into the wooded area behind the Publix.

Horton, who witnessed the entire incident, called 911. After Dorsey returned to the car, Horton drove to the entrance of the apartment complex behind the grocery store, where he saw Laing and Gilbert get into a gray minivan. The police, who arrived at the scene shortly thereafter, stopped the minivan in the apartment complex minutes after the incident; Gilbert was driving the van, and Laing was located in the back of the vehicle, from which the police recovered a black bandana and a handgun.

Chapman testified at trial, detailing Laing's involvement in the robbery. Horton testified as well, stating that he saw Laing run away from the scene and jump into the minivan.[3] The State also introduced Laing's statement to the police in which he admitted that he drove Gilbert and Chapman to the Publix; he believed that Gilbert intended to "hit[ ] a lick" (robbery); and he waited with Gilbert and Chapman before the robbery and ran to the van and drove away afterward. Laing testified at trial, and although he denied participating in the robbery, he admitted that he drove Gilbert and Chapman to the Publix and that he thought Gilbert "meant to hit a lick." According to Laing, he parked at the apartment complex and walked to the Publix shopping center because "there was nothing else for [him] to do," and he and the other men wanted to smoke and could not do so in his mother's van. Laing testified that he was present when Gilbert donned the bandana and ran up to the victim with a gun, but Laing immediately ran to the van when he realized that Gilbert intended to rob Dorsey. Laing also admitted that he tried to wait in the van "for the cops to clear" because he panicked, but they ultimately apprehended him in the van with Gilbert.

1. Laing argues that the trial court erred in denying his request to poll the jury following the verdict. We disagree.

During deliberations, the jury asked the trial court, in writing, "Do we, the jury, have any opportunity to comment or make recommendations as to sentencing?" The trial court responded as follows: "I'm going to recharge you on that portion of the law as it relates to the sentencing. If everyone would please listen. You are only concerned with the guilt or innocence of the defendant. You are

---

[3] Dorsey did not testify because he had surgery the week before trial.

not to concern yourselves with punishment. . . ." The jury sent another note indicating that they were deadlocked, with ten jurors voting "guilty" and two jurors voting "not guilty." The prosecutor and defense counsel presented argument regarding the appropriate response, and the trial court took a recess, during which time the jury sent a subsequent note indicating that they had reached a verdict.

After the jury published Laing's guilty verdict, the trial court asked whether the parties had any objection to the form of the verdict, and they both responded negatively. The trial court then asked, "Is there anything else that we need to take up at this time?" The prosecutor responded, "Nothing from the State," and Laing answered, "Well, . . . there, obviously, sentencing. I would ask for a few days for us to have a sentencing hearing." The trial court responded, "I'm going to deny that request, . . . primarily because the court's hands are tied with respect to this sentence. [Laing] was charged with armed robbery[,] and the jury has now found him guilty. I'll now hear from the State as to any aggravation."

Then, in the presence of the jury, the State presented argument regarding sentencing, commenting on Laing's "heav[y]" involvement in the case and indicating that Laing lied on the stand and failed to take responsibility for his actions. The State also indicated that Laing had declined a "very reasonable plea deal" and made its recommendation that he be sentenced to 20 years, to serve 15 in prison. The trial court asked defense counsel for argument, and counsel then requested that the court poll the jury. After the trial court polled the first juror, the State asked to approach the bench. The State argued that Laing had waived his right to have the jury polled by waiting to make his request until after the State presented its recommendation for sentencing in the presence of the jury. The trial court agreed with the State and went directly to sentencing without polling the remaining jurors.

> The right to a poll of the jury is a material right derived from the common law. Upon such poll, each juror may be asked whether the verdict reached in the jury room is, after looking upon the accused, still his verdict. In criminal cases the right to poll the jury is not discretionary, and denial of that right when timely requested is reversible error.[4]

"The proper time to request a poll of the jury is when the jury has rendered its verdict, that is, *right after the jury has returned a verdict*

---

[4] (Citations and punctuation omitted.) *Favors v. State*, 234 Ga. 80, 88 (6) (214 SE2d 645) (1975), overruled on other grounds by *Matthews v. State*, 268 Ga. 798 (493 SE2d 136) (1997).

*of guilty.*"[5] A request to have the jury polled "is not timely made after . . . sentence is passed [because] a juror may be affected by the announcement of the sentence."[6] As noted by our Supreme Court, "[c]ertainly, nothing would be more likely to have such an effect than a sentence of which a juror did not approve."[7]

Here, Laing waived his right to poll the jury by failing to make a request after the trial court asked whether there were any exceptions to the form of the verdict and whether there was "anything else" they needed to address. Instead, despite knowing that the jury had written a note expressing concern about sentencing, Laing waited until after the trial court indicated that its "hands were tied" regarding sentencing and the State presented its sentencing recommendation in the presence of the jury before requesting to poll the jurors. Under these circumstances, the trial court properly concluded that Laing waived his right to poll the jury by failing to make a timely request.[8]

2. Laing contends that the trial court erred by denying his request to charge the jury that the testimony of an accomplice must be corroborated.[9] We find no error.

"As a rule, it is not error to fail to give a charge on corroboration of accomplices where the [S]tate relies upon other evidence apart from the accomplice's testimony."[10] Here, the State relied not only upon Chapman's testimony; it also presented other evidence of Laing's involvement in the crime, including Laing's statement to the police, Horton's testimony, and the fact that Laing was found in the van immediately after the robbery. Thus, the trial court did not err in failing to give the requested charge.[11]

---

[5] (Emphasis supplied.) *Burgeson v. State*, 267 Ga. 102, 108 (9) (475 SE2d 580) (1996).

[6] (Citations omitted.) *Favors*, 234 Ga. at 88-89 (6).

[7] *Robinson v. State*, 109 Ga. 506, 508 (34 SE 1017) (1900).

[8] See *Ellison v. State*, 296 Ga. App. 752, 757 (3) (675 SE2d 613) (2009) (defendant waived his right to poll the jury by not requesting the poll immediately after the verdict when the trial court asked for exceptions to the form of the verdict and before the trial court noted, in the presence of the jury, that the State had filed a notice of intent to seek recidivist sentencing). Compare *Rinker v. State*, 228 Ga. App. 767 (1) (492 SE2d 746) (1997) (reversing conviction because the defendant made a timely request to poll the jury after the verdict was read and after the trial court began the sentencing phase, in the presence of the jurors, and heard evidence regarding medical expenses incurred by the victim, but before sentence was pronounced).

[9] See OCGA § 24-4-8 ("[I]n certain cases, including . . . felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness, except in prosecutions for treason.").

[10] (Punctuation omitted.) *Cochran v. State*, 300 Ga. App. 92, 97 (3) (684 SE2d 136) (2009), quoting *Fleming v. State*, 269 Ga. 245, 247 (2) (497 SE2d 211) (1998).

[11] See *Cochran*, 300 Ga. App. at 97 (3); *Dillard v. State*, 272 Ga. App. 523, 528 (8) (612 SE2d 804) (2005).

3. Following the trial, Laing was represented at the motion for new trial hearing by a separate lawyer ("motion counsel"). In his final two enumerations, Laing argues that motion counsel was ineffective by failing to (1) establish that trial counsel had filed written requests to charge the jury on accomplice corroboration and party to a crime; or, in the alternative, (2) raise trial counsel's ineffective failure to request the two charges in writing. Laing requests that we reverse his conviction or remand the case to the trial court for consideration of this issue.

Laing's trial counsel filed the initial motion for new trial. Motion counsel did not raise the issue of ineffective assistance of trial counsel. The trial court subsequently appointed Laing a third attorney, who first filed a motion to vacate the order denying Laing's motion for new trial, raising ineffective assistance of trial counsel and motion counsel. Following the trial court's denial of the motion to vacate, appellate counsel filed a notice of appeal and the appellate brief.

"To preserve the issue of ineffective assistance of previous counsel, new counsel must raise the issue at the earliest practicable opportunity of post-conviction review or the issue is waived."[12] Here, because current counsel did not have the opportunity to challenge the effectiveness of motion counsel prior to this appeal, this issue is not procedurally barred.[13]

"Generally, when the appeal presents the earliest practicable opportunity to raise an ineffectiveness claim, and the claim is indeed raised for the first time on appeal, our appellate courts remand the case to the trial court for an evidentiary hearing on the issue."[14] However,

> [r]emand is not mandated if we can determine from the record that the defendant cannot establish ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*.[15] Under *Strickland*, a defendant must show that trial counsel's performance was professionally deficient, and but for counsel's unprofessional errors,

---

[12] *Ruiz v. State*, 286 Ga. 146, 148 (2) (b) (686 SE2d 253) (2009).

[13] See id. Compare *Wilson v. State*, 286 Ga. 141, 144-145 (4) (686 SE2d 104) (2009) (when motion counsel raises the issue of ineffective assistance of trial counsel in an initial or amended motion for new trial, any additional grounds for asserting ineffective assistance of counsel not raised by motion counsel are procedurally barred, and the only means to pursue such a ground of ineffective assistance of counsel is a habeas corpus proceeding).

[14] (Punctuation omitted.) *Ruiz*, 286 Ga. at 149 (2) (b).

[15] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

there exists a reasonable probability that the outcome of the proceeding would have been more favorable.[16]

(a) *Accomplice corroboration charge.* Laing submits that motion counsel was ineffective because he failed to either establish that trial counsel properly requested a charge that the testimony of an accomplice must be corroborated or to raise trial counsel's ineffectiveness for failing to request such a charge. But as we concluded in Division 2, the trial court's failure to give the charge, even if properly requested, would not have resulted in reversible error. Accordingly, we find no reasonable probability that the outcome of the trial would have been different even if the charge had been properly requested, and therefore, Laing has failed to establish ineffective assistance of motion counsel on this issue.[17] Accordingly, remand is not required.[18]

(b) *Party to a crime.* Laing further argues that motion counsel was ineffective because he failed (1) to establish that trial counsel properly requested a charge that "a person who first learns of a crime during its commission, and who thereafter assists the criminal only after the crime has been completed, cannot be a party to the original crime," or (2) to raise trial counsel's ineffectiveness for failing to properly request such a charge.

"It is axiomatic that a trial court does not err in refusing to give a requested instruction in the exact language requested where the charges given in their totality substantially and adequately cover the principles contained in the requested charge."[19] Here, the trial court gave the applicable portions of the pattern jury instructions on "parties to a crime,"[20] "knowledge,"[21] and "mere presence."[22] These charges "substantially and adequately covered the principle that mere approval of the criminal act (not amounting to encouragement)

---

[16] (Citations and punctuation omitted.) *Ruiz*, 286 Ga. at 149 (2) (b).

[17] See id.

[18] See id.

[19] *Massey v. State*, 270 Ga. 76, 78 (4) (508 SE2d 149) (1998).

[20] See Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, § 1.42.10 (4th ed.) (generally tracking the statutory language of OCGA § 16-2-20).

[21] See Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, § 1.43.10 (4th ed.) (stating that the State must prove beyond a reasonable doubt that the defendant knew that the crime was being committed and that he knowingly and intentionally participated in or helped in the commission of the crime).

[22] See Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, § 1.43.30 (4th ed.) ("A jury is not authorized to find a person who was merely present at the scene of the commission of a crime at the time of its perpetration guilty of consent in and concurrence in the commission of the crime, unless the evidence shows, beyond a reasonable doubt, that such person committed the alleged crime, helped in the actual perpetration of the crime, or participated in the criminal endeavor.").

is insufficient."[23] Thus, the trial court's failure to give the suggested charge, even if requested, would not have resulted in reversible error. For the same reasons set forth in Division 3 (a), Laing's claim of ineffective assistance of motion counsel on this basis fails, and remand is not required.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 11, 2010.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

---

[23] *Morales v. State*, 281 Ga. App. 18, 19 (1) (635 SE2d 325) (2006). See also *Tumlin v. State*, 274 Ga. 309, 310 (3) (553 SE2d 592) (2001); *Turner v. State*, 216 Ga. App. 896, 899 (3) (456 SE2d 241) (1995).