## A10A1403. GILBERT v. THE STATE.

(703 SE2d 374)

DOYLE, Judge.

Michael Gilbert was convicted of armed robbery.[1] He appeals following the denial of his motion for new trial, arguing that the trial court erred by conferring use immunity on his co-defendant. For the following reasons, we affirm.

---

[1] OCGA § 16-8-41 (a).

Gilbert was charged with armed robbery, as were his two co-defendants, Jordan Laing and Major Chapman. Laing and Gilbert were tried separately, and both appealed their convictions.[2] We affirmed Laing's conviction in *Laing v. State*.[3] In the instant case,[4] the State presented evidence that on February 17, 2007, Gilbert, Laing, and Chapman discussed "hitting a lick," or committing an armed robbery. That same day, Gilbert, who was wearing a bandana over his face, approached the victim at an automated teller machine ("ATM"), pointed a gun at his face, and forced him to retrieve money from the ATM, while Laing and Chapman waited nearby. Shortly thereafter, police apprehended Laing and Gilbert in a minivan in the apartment complex behind the ATM. Gilbert had a bandana and $40 in cash on him when he was arrested, and the police recovered a gun from the minivan.

Both Laing and Chapman testified in the instant case, detailing Gilbert's involvement in the crime. Laing, who had already been tried and convicted and was awaiting a ruling on his motion for new trial, was compelled to testify at Gilbert's trial in exchange for use immunity.

In a single enumeration of error, Gilbert contends that the trial court erred by granting Laing use immunity. OCGA § 24-9-28 (a) provides that

> [w]henever in the judgment of the Attorney General or any district attorney the testimony of any person or the production of evidence of any kind by any person in any criminal proceeding before a court or grand jury is necessary to the public interest, the Attorney General or the district attorney may request the superior court in writing to order that person to testify or produce the evidence. . . . Any order entered under this Code section shall be entered of record in the minutes of the court so as to afford a permanent record thereof; and any testimony given by a person pursuant to such order shall be transcribed and filed for permanent record in the office of the clerk of the court.

Gilbert contends that the grant of use immunity to Laing was "procedurally ineffective" because it failed to comply with the requirements of OCGA § 24-9-28 (a) as follows: (1) the State's request for immunity for Laing was not in writing; (2) the State did

---

[2] As of February 20, 2008, the day of Gilbert's trial, Chapman had not been tried.

[3] 304 Ga. App. 15 (695 SE2d 363) (2010).

[4] The evidence in this case does not vary materially from the evidence introduced at Laing's trial, as set forth in our opinion in that case.

not demonstrate or even argue that Laing's testimony was "necessary to the public interest"; and (3) the trial court's grant of use immunity was neither written nor "filed for permanent record in the office of the clerk of the court." This argument presents no basis for reversal.

Gilbert did not object at trial when the State sought and the trial court granted use immunity to Laing. Instead, when questioned about whether Laing had retained counsel, Gilbert's trial counsel responded, "I was not able to speak to [Laing's attorney], . . . and I believe . . . that since [Laing's motion for new trial] is pending, your Honor, that it's up to the defendant here whether or not he wants to testify." And when given an opportunity to respond to the State's request for use immunity, Gilbert's trial counsel also stated, "We will defer to your Honor." By failing to object at trial, Gilbert has waived any argument he might have regarding the trial court's grant of use immunity to Laing. "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further."[5] Thus, this case presents nothing for us to review.

Notwithstanding Gilbert's waiver, however, his argument is without merit because Gilbert has no standing to contest the grant of use immunity to Laing. In *King v. State*,[6] the defendant argued that the trial court erred by conducting a hearing outside of his presence to determine whether a witness should be compelled to testify against him in exchange for use and derivative use immunity.[7] The Supreme Court of Georgia explained that the immunity hearing for the witness was not a part of the proceedings against the defendant, holding that

> [w]hile [the defendant] might have preferred that a key witness not be ordered to testify truthfully in his trial, there is nothing in Georgia law that would have permitted him to object to the State's request for the order or that would suggest that [the defendant's] rights were the subject matter under consideration. On the contrary, the trial court was obliged to consider whether the testimony was "necessary to the public interest," a matter which [the defendant] had no standing to address.[8]

---

[5] (Punctuation omitted.) *Bixby v. State*, 254 Ga. App. 212, 212-213 (1) (561 SE2d 870) (2002).

[6] 273 Ga. 258 (539 SE2d 783) (2000).

[7] See id. at 264 (15).

[8] (Citation omitted.) Id. at 264-265 (15).

Applying the same reasoning to the instant case, we conclude that Gilbert has no right to contest the grant of use immunity to Laing.[9]
*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 15, 2010.

*James C. Bonner, Jr.*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

