295 Ga. 123
FINAL COPY

S14A0589.  MOSLEY v. THE STATE.


THOMPSON, Chief Justice.

Appellant Brandon Mosley appeals his convictions for malice murder and other crimes relating to the shooting death of Angelo Larocca, contending only that his trial counsel provided constitutionally ineffective assistance.  We affirm.[1]

1.    Viewed in the light most favorable to the verdict, the evidence

---

[1]The crimes occurred on June 28, 2011.  On April 1, 2012, a Gwinnett County grand jury indicted Mosley for malice murder, felony murder based on armed robbery, felony murder based on aggravated assault, armed robbery, aggravated assault, two counts of possession of a firearm during the commission of a felony, and two counts of criminal gang activity.  The latter two counts were nolle prossed before trial, which began on December 3, 2012.  On December 10, the jury found appellant guilty on the remaining counts.  On January 17, 2013, the trial court sentenced appellant to life in prison without the possibility of parole for both malice murder and armed robbery and to five consecutive years in prison for one of the firearm offenses.  The felony murder verdicts were vacated by operation of law, and the trial court merged the aggravated assault offense, as well as the second firearm offense.  On January 18, 2013, trial counsel filed a motion for new trial, which new appellate counsel amended on August 8, 2013.  On August 23, 2013, the trial court denied the motion for new trial, as amended, and appellant filed a timely notice of appeal.  The case was docketed in this Court for the January 2014 term and submitted for decision on the briefs.

shows that shortly before 2:00 p.m. on June 28, 2011, Larocca and three friends drove to an apartment complex where Larocca was planning to buy Xanax pills from appellant and Hunter Davis. Once at the apartment complex, Larocca got out of the car and walked behind an apartment building to meet appellant and Davis. Unbeknownst to him, however, appellant and Davis were planning to rob him. Larocca initially told appellant and Davis that he did not have any money, but when they examined his wallet, they discovered that he did. Appellant and Davis became upset, and appellant shot Larocca twice, once in the chest and once in the abdomen. The chest wound was fatal.

After the shooting, appellant and Davis ran in separate directions. Appellant went to a nearby carwash, where a friend of his, Tyrone Baldwin, worked. Baldwin, however, had just left after finishing his shift. Appellant told another employee that he was in trouble, and he asked that employee if he could borrow his phone to call Baldwin. The employee let him do so and also asked appellant what had happened, because he could hear police cars and helicopters. Appellant told him that he had shot somebody. Baldwin returned in his car a short time later; appellant got in the car; and they left. A video surveillance camera at the carwash recorded appellant's encounter with the employee, as well

2

as appellant leaving in Baldwin's car.

Appellant told Baldwin that he had shot somebody, and he asked Baldwin to pick up a friend of his who was nearby. Baldwin agreed to do so. The friend was Davis, and when Davis got in the car, he asked appellant, "why did you do that?" Appellant responded that he did not know. Baldwin dropped off appellant and Davis at a location about a mile away.

Appellant then hid from authorities at his cousin's house in a neighboring county. While there, he told his cousin, as well as one of his cousin's friends, that he shot the victim because the victim initially lied to him about having any money. In a pre-trial statement to the police, appellant first said that Davis shot the victim after he lied about not having any money, but later said that he was the one who shot the victim.

Viewing the evidence in the light most favorable to the verdict, we conclude that it was sufficient to authorize a rational jury to find appellant guilty beyond a reasonable doubt of the crimes of which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979).

2.    In his only enumeration of error, appellant contends that he received ineffective assistance of trial counsel.

3

To prevail on this claim, appellant must show that his counsel performed deficiently and that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been more favorable to him. See Strickland v. Washington, 466 U. S. 668, 687, 694 (104 SCt 2052, 80 LE2d 674) (1984). "This burden, although not impossible to carry, is a heavy one." Young v. State, 292 Ga. 443, 445 (738 SE2d 575) (2013). Moreover,

> a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

Strickland, 466 U. S. at 697.

Appellant contends that the trial court erred in ruling that trial counsel did not provide ineffective assistance by failing to object when, during closing argument, the prosecutor said:

> Mr. Crosby [defense counsel] told you that when you go back in the jury room, you should not sympathize, you should basically be robots and look at the evidence robotically. That's not the law. That's not the law. You aren't going to be charged to that. How can you not sympathize with a mother who lost her own child? How can you not sympathize for a young man who has a pistol in his face, begging for his life?

4

Appellant contends that this was an improper "golden rule" argument to which trial counsel should have objected. See Ellington v. State, 292 Ga. 109, 142-143 (735 SE2d 736) (2012) (a "golden rule" argument is one that urges "the jurors to imagine themselves in the place of the victims during the murders and thus improperly evok[es] the jury's passion, sympathy, and personal identification with the victims"). However, even assuming trial counsel performed deficiently by not objecting to this argument, we find no Strickland prejudice in light of the strength of the evidence of appellant's guilt and of the trial court's charge to the jury that it was to base its verdict on the evidence and the law given in the court's charge and not on "favor, affection, or sympathy to either party." See Rice v. State, 292 Ga. 191, 210-211 (733 SE2d 755) (2012) (holding that, even assuming that trial counsel performed deficiently by failing to object to an improper "golden rule" argument, the defendant's ineffective assistance claim failed because there was no prejudice due, in part, to the overwhelming evidence of his guilt).

Judgment affirmed. All the Justices concur.

Decided April 22, 2014.

Murder. Gwinnett Superior Court. Before Judge W. Davis.

Michael S. Marr, for appellant.

Daniel J. Porter, District Attorney, Michael D. Morrison, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General, for appellee.