**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER, P. J., and PETERSON, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 4, 2016**

# In the Court of Appeals of Georgia

A15A2317. ALLEN v. THE STATE.

MILLER, Presiding Judge.

The State charged Allen with committing armed robbery, aggravated assault and other crimes during a home invasion. One of Allen's co-defendants, James Marino, entered a guilty plea to the charges. At Allen's jury trial, the trial court granted Marino immunity from further prosecution in exchange for his testimony. The jury found Allen guilty on several of the charges.[1] Allen appeals from the denial of his motion for new trial, challenging the trial court's grant of immunity to Marino and raising an ineffective-assistance-of-counsel claim. For the reasons explained below, we find that Allen has no standing to challenge the grant of immunity to Marino. We

---

[1] Specifically, Allen was convicted on two counts of armed robbery (OCGA § 16-8-41), four counts of aggravated assault (OCGA § 16-5-21), one count of battery (OCGA § 16-5-23.1), and four counts of false imprisonment (OCGA § 16-5-41).

also conclude that Allen cannot show prejudice to sustain his ineffective-assistance claim. Accordingly, we affirm.

1. In his first enumeration of error, Allen contends that the trial court erred by granting Marino immunity in exchange for his testimony at Allen's trial. Allen argues that, in granting immunity to Marino, the trial court failed to comply with the procedural requirements of former OCGA § 24-9-28[2] and that this failure violated Marino's constitutional rights.

This Court, however, has previously considered and rejected the same arguments in *Gilbert v. State*, 306 Ga. App. 776, 778-779 (703 SE2d 374) (2010). In that case, this Court ruled that the defendant had no right to contest the grant of use

---

[2] Former OCGA § 24-9-28 (a) provided as follows:
Whenever in the judgment of the Attorney General or any district attorney the testimony of any person or the production of evidence of any kind by any person in any criminal proceeding before a court or grand jury is necessary to the public interest, the Attorney General or the district attorney may request the superior court in writing to order that person to testify or produce the evidence. . . . Any order entered under this Code section shall be entered of record in the minutes of the court so as to afford a permanent record thereof; and any testimony given by a person pursuant to such order shall be transcribed and filed for permanent record in the office of the clerk of the court.

2

immunity to a co-defendant who then testified against him at trial. Id. In so ruling, this Court relied upon an opinion by the Supreme Court of Georgia, which held that, "[w]hile [the defendant] might have preferred that a key witness not be ordered to testify truthfully in his trial, there is nothing in Georgia law that would have permitted him to object to the State's request for the [immunity] order or that would suggest that [the defendant's] rights were the subject matter under consideration" during the hearing on the State's request. (Citation omitted.) *King v. State*, 273 Ga. 258, 264-265 (15) (539 SE2d 783) (2000).

Given this ruling, we conclude that Allen has no standing to contest the grant of use immunity to Marino. Consequently, we affirm his convictions.

2. To the extent Allen contends that his defense counsel provided ineffective assistance at trial, he has failed to show prejudice. Allen raised an ineffective-assistance-of-counsel claim in his motion for a new trial and thus may raise it on direct appeal. See, e.g., *Walden v. State*, 291 Ga. 260, 262 (2) (728 SE2d 186) (2012) (explaining that an ineffective-assistance claim must be raised in a post-conviction motion in order to be raised on direct appeal). Although Allen offered little case law to support his claim, he proffered the bare minimum to preserve his argument. Cf. *McBee v. State*, 296 Ga. App. 42, 46 (2) (b) n.19 (673 SE2d 569) (2009) (noting that

the failure to provide *any* cogent argument or citation of authority would constitute waiver). Therefore we will address its merits.

> In order to succeed on his claim of ineffective assistance, [Allen] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If an appellant fails to meet his or her burden of proving either prong of the *Strickland* test, the reviewing court does not have to examine the other prong.

*Wright v. State*, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

Here, we conclude that Allen cannot show prejudice because the evidence strongly suggests his culpability. Marino testified, over counsel's repeated objections, that Allen was involved in the robbery. . There was additional evidence of Allen's DNA on a ski mask found near the scene. Allen then testified in his own defense, denying his involvement and that his DNA could have been on the ski mask. The jury was free, as it ultimately did, to disbelieve Allen's testimony and consider it as evidence of guilt. *Daughtie v. State*, 297 Ga. 261, 263-64 (2) (773 SE2d 263) (2015) (explaining that "a statement by a defendant, if disbelieved by the jury may be considered as substantive evidence of the defendant's guilt . . . at least where some corroborative evidence exists for the charged offense.") (citation and emphasis

4

omitted). In light of the significant evidence against Allen, he failed to show that there was a reasonable probability that the trial result would have been different if not for counsel's allegedly deficient performance. Thus, on this record, we cannot conclude that counsel's performance prejudiced Allen.

*Judgment affirmed. Andrews, P. J., concurs. Peterson, J., concurs fully as to Division 1 and in judgment only as to Division 2.*