**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 15, 2016**

# In the Court of Appeals of Georgia

A16A1174. HAFEEZ v. THE STATE.                          McF-040C

MCFADDEN, Judge.

After a jury trial, Adnan Hafeez was convicted of aggravated assault and armed robbery. He appeals, arguing that the trial court erred by denying his motion for new trial under OCGA §§ 5-5-20 and 5-5-21 because the verdict is contrary to evidence and the principles of justice, that the trial court abused his discretion in admitting still photos printed from a surveillance video recording, and that the court abused his discretion in admitting hearsay testimony. Hafeez has not shown an abuse of discretion in any one of these instances. Hafeez also argues that trial counsel was ineffective, but he has not shown that trial counsel's performance was both deficient and prejudicial. We therefore affirm.

1. *Evidence*.

When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted; emphasis in original). It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. Id. "[T]he evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. . . ." *Morris v. State*, 322 Ga. App. 682 (1) (746 SE2d 162) (2013) (citations omitted). "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

So viewed, the evidence shows that on the evening of October 16, 2010, a man wearing a neon green and black motorcycle helmet, a gray hooded sweatshirt with a symbol on it, and jeans with distinctive holes in them entered a Phillips 66 convenience store in Paulding County. The man asked the cashier for a cigar, and

when the cashier opened the cash drawer to get change, the man pointed a gun at him and demanded all the money. The cashier gave him about $200. The state played a surveillance video for the jury and introduced multiple photos taken from the video. The store's cashier identified the man who robbed him from one of the photos. Hafeez's appeal involves his convictions arising from this October 16, 2010 robbery.

Two days before the October 16 robbery, on October 14, 2010, a man wearing a gray hooded sweatshirt with a symbol on it, jeans with distinctive holes in them, and a green motorcycle helmet had robbed at gunpoint the cashier of a Chevron convenience store in the city of Austell in Douglas County. The store's surveillance video captured the robbery, and the state introduced a photograph taken from that video that showed the robber wearing a motorcycle helmet identical to the helmet worn by the person who robbed the Paulding County Phillips 66 on October 16.

A week after the robbery of the Austell Chevron, on October 21, 2010, the cashier at a Cobb County Shell convenience store called the police because a customer told him someone wearing blue jeans, a hooded sweatshirt, and a motorcycle helmet was lurking behind the store. The call was remarkable to the police officer who responded because that description matched the description of the robber of the Austell Chevron convenience store on October 14, 2010. When he arrived at

3

the Cobb County Shell store, the officer saw Hafeez, who matched the description the cashier gave as well as the description of the robber of the Austell Chevron store. The officer detained Hafeez. A dashboard camera recording of the encounter was played for the jury and showed that Hafeez was wearing clothes identical to the clothes worn by the person who robbed the Paulding County Phillips 66 on October 16.

Backup arrived, including an officer who had responded to the robbery of the Austell Chevron store and who determined that Hafeez was the person he had seen in the video of the robbery of that store the week before. The officers located what they thought to be a pistol leaning against the back of the Shell building, but it was actually an Airsoft gun.

Hafeez eventually pleaded guilty to robbery by force as a lesser included offense of the October 14, 2010, armed robbery of the Austell Chevron store.

The trial court admitted evidence of this plea in the instant trial involving the October 16, 2010, Paulding County robbery.

This evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Hafeez was guilty of the crimes of which he was convicted. See *Jackson v. Virginia*, 443 U. S. at 307. Further, "whether to grant a new trial under [OCGA §§ 5-5-20 or 5-5-21] is a matter solely in the discretion of the trial court.

4

And, no abuse of that discretion has been shown." *Perdue v. State*, 298 Ga. 841, 844 n. 5 (2) (785 SE2d 291) (2016) (citation omitted).

2. *Photographs from the video tape*.

Hafeez argues that the trial court erred by admitting the photographs taken from the surveillance video of the October 16 robbery at issue because the admission of the photographs violated the best evidence rule and the photographs were cumulative of the video. We disagree.

The best evidence rule is stated in OCGA § 24-10-1002: "To prove the contents of a writing, recording, or photograph, the original writing, recording, or photograph shall be required." Here, the state admitted the video tape itself, so the admission of photographs extracted from that tape presents no best evidence concerns. See Milich, *Ga. Rules Of Evidence* § 8:1 (Among other issues, the best evidence rule applies to determine "when are copies of a writing or recording admissible *in lieu of* the original.") (emphasis supplied).

As for Hafeez's argument that the trial court erred by admitting the photographs because they were cumulative, "[g]enerally, the admission of cumulative evidence is harmless. And here, [Hafeez] failed to demonstrate how the admission of these photographs was prejudicial. Thus, [his] claim that the admission of this

5

cumulative evidence constituted reversible error lacks merit." *Tyner v. State*, 313 Ga. App. 557, 560 (2) (722 SE2d 177) (2012) (citation and punctuation omitted).

Finally, Hafeez has abandoned his enumeration of error that the court erred by allowing the photographs to go back with the jury because he makes no argument in support of it. See Court of Appeals Rule 25 (c) (2). See also *Murphy v. Murphy*, 330 Ga. App. 169, 173 (4) (767 SE2d 789) (2014).

3. *Hearsay.*

Hafeez argues that the trial court erred by allowing the cashier of the Cobb County Shell store to testify that a customer told him someone was lurking behind the store. Hafeez argues that this testimony was hearsay. We disagree.

The state offered this testimony, not to prove that someone was lurking behind the store, but to explain why the cashier called the police. "Because the evidentiary value of the statements did not rest upon whether the declarant was being truthful or honest, the trial court did not err in overruling [Hafeez's] general objection to the statements on hearsay grounds." *Brown v. State*, 332 Ga. App. 635, 638 (1) (774 SE2d 708) (2015) (citations omitted). See also *Graham v. State*, 331 Ga. App. 36, 39 (2) (769 SE2d 753) (2015) (testimony concerning an out-of-court statement was not

6

offered for its truth, but to explain its effect on those who heard the statement and their subsequent conduct, and was, therefore, admissible as nonhearsay).

And to the extent that the cashier's testimony about the customer's description of the clothing worn by the person lurking behind the store was inculpatory, that description was cumulative of the arresting officer's testimony and the dashboard camera recording of his encounter with Hafeez.

4. *Assistance of counsel.*

Hafeez argues that trial counsel was ineffective in three respects. First, he challenges counsel's failure to give the state timely notice of an alibi defense, which, he argues, prevented him from presenting that defense. Second, he argues that counsel failed to request certain jury instructions. Third, he argues that counsel failed to object to comments on his silence. We find that Hafeez has not shown both deficient performance and prejudice.

To prevail on his claim of ineffective assistance of counsel, Hafeez

must show [both] that trial counsel's performance [was deficient in that it] fell below a reasonable standard of conduct and that [it was prejudicial because] there existed a reasonable probability that the outcome of the case would have been different had it not been for counsel's deficient performance. If [Hafeez] fails to [prove] either prong

7

of the [two-part] test, this relieves the reviewing court of the need to address the other prong.

*Scott v. State*, 290 Ga. 883, 889 (7) (725 SE2d 305) (2012) (citations and punctuation omitted).

(a) *Alibi defense*.

Hafeez challenges trial counsel's failure to timely give notice of an intention to present an alibi defense, which, he argues, prevented him from pursuing such defense. He also challenges counsel's failure to call alibi witnesses.

Before the defense presented its case, the state moved to prevent the introduction of an alibi defense on the ground that Hafeez had not given timely notice as required by OCGA § 17-16-5 (a). Counsel responded that he did not have any alibi witnesses, so the trial court reserved ruling on any issues concerning an alibi defense. Thus, to the extent that Hafeez argues that trial counsel's failure to timely give notice prevented the presentation of an alibi defense, and thus affected the outcome of the trial, his argument is misplaced.

As for counsel's decision not to call any alibi witnesses, the only potential alibi witness who testified at the motion for new trial hearing was Hafeez's sister. "Therefore, [Hafeez] cannot meet his burden of showing ineffective assistance based

on counsel's failure to call [any other] witness at trial." *Lupoe v. State*, 284 Ga. 576, 578-579 (3) (b) (669 SE2d 133) (2008) (citation omitted).

As for the sister, she testified at the motion for new trial hearing that at 7 p.m. on October 16, the day of the Paulding County crime, Hafeez drove her, their mother, and other family members to a baby shower. She testified that she drove them all home between eight and nine p.m., where they all stayed for the night. The sister testified at the new trial hearing that she had been at the courthouse, waiting outside the courtroom to testify, when trial counsel said it would be better for her not to testify at the trial.

Trial counsel testified that the sister chose not to testify, that Hafeez agreed with not calling her, and that the sister signed a document stating she did not want to testify. Counsel testified that regardless of the sister's preference not to testify, he did not believe she would have been a good alibi witness and that she would not have helped Hafeez's case, particularly once she was subjected to cross-examination. He based this assessment on the information the sister provided him, her demeanor, and her body language.

> A decision as to which defense witnesses to call is a matter of
> counsel's trial strategy and tactics and will not support a claim of

ineffective assistance of counsel unless it is so unreasonable that no competent attorney would have made the decision under the circumstances. Given [] trial counsel's firsthand concerns . . . we cannot say that the strategic decision not to call [the sister] at trial was patently unreasonable. Thus, [Hafeez] failed to show deficient performance.

*Moss v. State*, 298 Ga. 613, 619 (5) (d) (783 SE2d 652) (2016) (citations omitted).

(b) *Lesser included offenses*.

Hafeez argues that trial counsel was ineffective for failing to request the court to charge the jury on lesser included offenses. Trial counsel testified that he and co-counsel did not request the court to instruct the jury on lesser included offenses, at Hafeez's direction, because Hafeez insisted that he was innocent. Hafeez confirmed this at the motion for new trial hearing. "[T]he decision not to request a jury charge on a lesser included offense in order to pursue an 'all-or-nothing' defense is a matter of trial strategy, and reasonable trial strategy, whether wise or unwise, generally does not amount to ineffective assistance of counsel." *Wells v. State*, 295 Ga. 161, 166 (2) (758 SE2d 598) (2014).

(c) *Failure to object to alleged comments on Hafeez's silence.*

Hafeez argues that trial counsel was ineffective for failing to object to alleged comments on his pre-arrest silence. But at the hearing on the motion for new trial,

trial counsel was not asked about his failure to object to these alleged comments. We therefore do not address this argument. See *Doyle v. State*, 291 Ga. 729, 732 (3) (733 SE2d 290) (2012); *Jackson v. State*, 288 Ga. App. 432, 434 (654 SE2d 232) (2007) (in absence of trial counsel's testimony we cannot assume counsel's actions fell outside the presumed wide range of reasonable professional assistance).

*Judgment affirmed. Miller, P. J., and McMillian, J., concur*.