**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 20, 2017**

# In the Court of Appeals of Georgia

A17A0225. KAYE v. THE STATE.

MCFADDEN, Presiding Judge.

James Kaye was tried before a jury and convicted of multiple offenses arising out of a home invasion robbery. Kaye appeals, challenging the denial of a motion to suppress the statement he gave to police and the effectiveness of his trial counsel. However, the denial of the motion to suppress was not erroneous and trial counsel's performance was not both deficient and prejudicial. Accordingly, we affirm.

1. *Facts and procedural posture.*

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Hoglen v. State*, 336 Ga. App. 471 (784 SE2d 832) (2016) (citation and punctuation omitted).

So viewed, the evidence shows that Kaye helped James Marino and Rueben Allen plan the home invasion robbery of a family whom Kaye had known for many years. Kaye told Marino and Allen that the family kept large amounts of money and jewelry in safes in their house, described the locations of the safes to them, drove with Marino and Allen to show them where the house was located, discussed carrying out the robbery when the house was occupied since none of them knew the combinations to the safes, described a family vehicle and the work schedules of the husband and wife, and said that he could obtain a can of pepper spray for them to use during the robbery. Several days later, Marino and Allen bought a pellet gun and pepper spray and then went to the house to carry out the robbery. They attacked the husband when he came outside the house, went inside and forced the wife to open a safe, grabbed two minor children who were in the house, put the gun to the head of one of the children, and fled from the house with money taken from the safe.

Police investigators subsequently identified Kaye, Marino, and Allen as suspects. During the investigation, Kaye gave a videotaped statement to police in which he admitted, among other things, that he had told Marino and Allen about the safes in the house and had driven them to see the house prior to the robbery. Kaye, Marino, and Allen were jointly indicted for multiple counts of armed robbery,

2

aggravated assault, battery, and false imprisonment. Marino pled guilty to various counts and testified at Kaye's jury trial, which had been severed from Allen's trial.[1] The jury returned guilty verdicts on all charges, the trial court entered judgments of conviction and imposed sentences, and the court denied Kaye's motion for new trial. This appeal followed.

2. *Denial of motion to suppress videotaped statement.*

Kaye contends that the trial court erred in denying his motion to suppress his videotaped statement to a police detective because the statement was induced by a hope of benefit when the detective indicated that he would help Kaye out and let the district attorney know of Kaye's cooperation, stating "as much cooperation as you give will be reflected down there." We find no reversible error.

As an initial matter, we acknowledge that Kaye is correct in noting that the trial court, in announcing its ruling, incorrectly distinguished between an incriminating statement and a confession by finding that Kaye's statement constituted "an admission and not a confession." But that distinction is immaterial because "[i]t has long been the law in this [s]tate that the rule as to the admissibility of an

---

[1]Allen's convictions after his separate jury trial were previously affirmed. See *Allen v. State*, 336 Ga. App. 80 (783 SE2d 680) (2016).

3

incriminatory statement is the same as that applied to a confession. [Cits.]" *Vergara v. State*, 283 Ga. 175, 177 (1) (657 SE2d 863) (2008). So, that mistake does not amount to reversible error: the trial court went on to also deny the motion to suppress based on a correct finding that the detective's comments did not constitute a hope of benefit that would render Kaye's statement involuntary.

Under former OCGA § 24-3-50, in effect at the time of Kaye's trial,[2] incriminating statements are only admissible if "made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury."

> Thus, to overcome suppression, the [s]tate must show that (1) the suspect was not presented with the slightest hope of benefit, and (2) even if a hope of benefit was presented to the criminal defendant by the [s]tate, the suspect's incriminating statements were not *actually induced* by this hope of benefit, such that his or her confession was rendered involuntary as a matter of law.

*State v. Munoz*, 324 Ga. App. 386, 390 (749 SE2d 48) (2013) (citations and punctuation omitted; emphasis in original).

---

[2]Kaye's trial commenced on November 17, 2009, prior to the effective date of Georgia's new evidence code. See Ga. L. 2011, p. 99, § 101 ("This Act shall become effective on January 1, 2013, and shall apply to any motion made or hearing or trial commenced on or after such date.").

4

In this case, Kaye was not under arrest at the time he gave the taped interview. He had contacted a police officer he knew in order to provide information about the robbery, the officer took him to a police station to be interviewed by the lead detective on the case, and after the interview Kaye left the station. A review of the taped interview reveals that the interview lasted for approximately 24 minutes and that the complained of comments by the detective indicating that he would let the district attorney know of Kaye's cooperation did not occur until over 16 minutes into the interview. Thus, the record plainly shows that any of Kaye's incriminating statements that came prior to the detective's comments were not actually induced by those comments. "[E]ven if such verbiage is considered to be improper as holding out hope of benefit, it could not relate back to influence anything said by [Kaye] prior to that time." *Burley v. State*, 190 Ga. App. 75, 79 (3) (b) (378 SE2d 328) (1989) (citation and punctuation omitted). Although the motion to suppress in this case was denied on other grounds, "a trial court's ruling on a motion to suppress will be upheld if it is right for any reason." *Fincher v. State*, 276 Ga. 480, 481 (2) (578 SE2d 102) (2003) (citations and punctuation omitted). See also *Gaston v. State*, 257 Ga. App. 480, 483-484 (2) (571 SE2d 477) (2002) (even if a trial judge incorrectly denies a motion to suppress on one basis, we may affirm the denial on another basis). Because

5

the detective's comments could not have actually induced any of Kaye's previously made incriminating statements, the denial of Kaye's motion to suppress as to those previous statements must be affirmed.

Kaye has not identified any specific incriminating statements made after the detective's comments that should have been suppressed, and we note that at that point of the interview the detective was asking about Kaye helping to find Rueben Allen. So it appears that the detective's comments about Kaye's cooperation referred to such help by Kaye, not to Kaye giving any further statements to the detective. Regardless, even assuming that Kaye made incriminating statements after the detective's comments, the comments about informing the district attorney of Kaye's cooperation did not constitute an improper hope of benefit rendering Kaye's subsequent statements inadmissible. "Merely telling a defendant that his or her cooperation will be made known to the prosecution does not constitute the hope of benefit sufficient to render a statement inadmissible under OCGA § 24-3-50." *Samuels v. State*, 288 Ga. 48, 50 (2) (701 SE2d 172) (2010) (citations and punctuation omitted). Accord *Arline v. State*, 264 Ga. 843, 844 (2) (452 SE2d 115) (1995); *Davis v. State*, 245 Ga. App. 508, 509 (538 SE2d 159) (2000) (investigator does not make an improper offer of hope of benefit by telling defendant that his cooperation will be made known to the

6

prosecution); *Butler v. State*, 194 Ga. App. 208 (1) (390 SE2d 278) (1990) (agreeing to tell the judge or prosecutor of the defendant's cooperation does not constitute the hope of benefit contemplated by OCGA § 24-3-50). Accordingly, the admission of Kaye's videotaped statement was not error.

3. *Ineffective assistance of counsel.*

Kaye claims that his trial counsel was ineffective in failing to challenge comments on his pre-arrest silence and in failing to request a jury instruction that the verdict should not be based on sympathy for either side. "To prevail on these claims, [Kaye] must show both that his counsel's performance was deficient and that the deficient performance so prejudiced him that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been different." *Daniel v. State*, 338 Ga. App. 389, 392 (3) (787 SE2d 281) (2016) (citations omitted). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Cushenberry v. State*, 300 Ga. 190, 197 (3) (794 SE2d 165) (2016) (citations and punctuation omitted). Kaye has failed to make the required showings of both deficient performance and prejudice.

(a) *Failure to challenge comments on pre-arrest silence.*

7

Kaye contends that his trial counsel should have sought to redact portions of his videotaped police interview during which police claimed that Kaye had not come forward to them and that counsel should have objected when the prosecutor commented during closing arguments on this police claim of Kaye not coming forward. However, at the motion for new trial hearing, counsel testified that he did not challenge these comments on the tape or during closing because the defense was that Kaye had voluntarily come forward to police as soon as he learned about the robbery and counsel "felt like we were going to be able to make them basically eat those words [because] he did in fact come forward." Counsel explained that he did not seek to redact any statements from the videotaped interview because then it would not "give the full context of how [Kaye] came to them." Counsel further testified that he believed the evidence showed very clearly that Kaye went to the police, that the jury "got the full impact" of the fact that Kaye came forward to police, and that he did not think the jury would have believed any argument that the police had to search for Kaye.

> The standard regarding ineffective assistance of counsel is not errorless counsel and not counsel judged ineffective by hindsight, but counsel rendering reasonably effective assistance. In determining what constitutes ineffective assistance, a critical distinction is made between inadequate preparation and unwise choices of trial tactics and strategy.

8

> Particularly in regard to matters of trial strategy and tactic, effectiveness is not judged by hindsight or result. We find that counsel articulated valid strategic decisions as to the foregoing grounds, and that strategy did not amount to ineffective assistance.

*Slade v. State*, 270 Ga. 305, 307 (2) (509 SE2d 618) (1998) (citations and punctuation omitted). See also *Hines v. State*, 277 Ga. App. 404, 408 (2) (626 SE2d 601) (2006) (improper reference to a defendant's silence does not automatically require reversal or mandate a finding of ineffective assistance of counsel).

We note that Kaye also cites the lack of an objection when the prosecutor asked him, on cross-examination, about his purported failure to come forward. However, at the motion for new trial hearing, Kaye did not ask trial counsel to explain why he did not so object. "In the absence of testimony to the contrary, counsel's actions are presumed strategic." *Patel v. State*, 279 Ga. 750, 754 (c) (620 SE2d 343) (2005) (citation and punctuation omitted). Because Kaye failed to elicit any such testimony to the contrary, trial counsel's decision to forego an objection "is presumed strategic and will not support a claim of ineffective assistance." *Traylor v. State*, 332 Ga. App. 441, 448 (3) (b) (773 SE2d 403) (2015) (citations omitted). See also *Hafeez v. State*, 339 Ga. App. 467, 472 (4) (c) (793 SE2d 632) (2016).

(b) *Failure to request jury charge on sympathy.*

9

Kaye contends that counsel was ineffective in failing to request the pattern jury instruction on sympathy. That pattern charge states:

> Your verdict should be a true verdict based upon your opinion of the evidence according to the laws given you in this charge. You are not to show favor or sympathy to one party or the other. It is your duty to consider the facts objectively without favor, affection, or sympathy to either party.

Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.70.11. "The decision over whether to give [this] cautionary charge to the jurors, informing them that they should not be influenced by sympathy or prejudice in reaching a verdict, is a matter generally addressed to the sound discretion of the trial judge." *Fincher v. State*, 289 Ga. App. 64, 68 (3) (656 SE2d 216) (2007) (citations and punctuation omitted).

Here, even assuming trial counsel performed deficiently by not requesting such a charge, "we find no [showing of] prejudice in light of the strength of the evidence of appellant's guilt[, including the accomplice's testimony and Kaye's own incriminating statements,] and of the trial court's charge to the jury that it was to base its verdict on the evidence and the law given in the court's charge[.]" *Mosley v. State*, 295 Ga. 123, 125 (2) (757 SE2d 828) (2014).

*Judgment affirmed. Branch and Bethel, JJ., concur.*

10